2007 WY 84

**Melissa L. GRAY, Appellant (Respondent),**

v.

**John W. PAVEY, a/k/a JOHNNY W. Pavey, Appellee (Petitioner).**

No. 06–277.

Supreme Court of Wyoming.

May 21, 2007.

Representing Appellant: Cole N. Sherard, Wheatland, Wyoming.

Representing Appellee: James A. Hardee, Douglas, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶1] Melissa Gray ("Mother") appeals from an order modifying child custody. She contends that the change in custody is contrary to her daughter's best interests. We affirm.

## ISSUE

[¶2] The issue for review is whether the district court abused its discretion by awarding custody of the parties' minor child ("C.G.") to her father, John Pavey ("Father").

## FACTS

[¶3] Mother and Father are the parents of C.G., born on November 5, 1998. In May 1999, a paternity order was entered adjudicating John Pavey as the father of the child and granting physical custody to Mother. At the time the paternity order was entered, Father resided in Casper, Wyoming, and Mother resided in Douglas, Wyoming. Father was ordered to pay child support and provide medical insurance. A visitation schedule was not established because Father failed to appear for the hearing. Approximately three years later, the parties entered into a stipulated order establishing a visitation schedule for Father and modifying the amount of child support.

[¶4] On March 14, 2006, C.G. was taken into protective custody by the Department of Family Services due to allegations of abuse and neglect by Mother and her boyfriend. After being removed from her Mother's home, the Department of Family Services became C.G.'s legal guardian. She was then placed with Father by the Department of Family Services.

[¶5] In response to these events, Father filed a petition for modification of custody, visitation, and support. The petition alleged that a material change in circumstances occurred because Mother endangered the health, safety, and welfare of C.G. Additionally, Father concurrently filed a motion for temporary custody in anticipation that C.G. would be released from protective custody before the petition for modification could be heard. The district court granted Father's motion for temporary custody on March 22, 2006.

[¶6] In response to Father's petition for modification of custody, Mother affirmatively asserted that Father had a significant criminal history and that he suffers from a mental condition making him unfit to be the primary custodian. A hearing on the matter was scheduled for May 16, 2006. Mother requested a continuance to allow time for discovery. Prior to the hearing on the petition for modification, Father relocated to Gillette, Wyoming, to pursue an employment opportunity. Mother continued to reside in Douglas. The hearing was eventually held on August 29, 2006.

[¶7] After considering the evidence, the district court entered its Order For Modification of Custody, Visitation and Child Support on September 21, 2006, awarding custody to Father. The district court found that there "has been a significant change in circumstances of the parties" and that "it is in the best interest of the minor child that she be provided a stable environment which can meet her emotional, developmental and educational needs." This appeal followed.

## STANDARD OF REVIEW

[¶8] We review a district court's order on a petition to modify custody, visitation, and child support for an abuse of discretion. *Selvey v. Selvey*, 2004 WY 166, ¶15, 102 P.3d 210, 214 (Wyo.2004).

> We will not interfere with the district court's decision regarding modification of custody absent a procedural error or a clear abuse of discretion. In determining whether the district court has abused its discretion, we must decide whether it could reasonably conclude as it did. Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

*Id.* (internal citations and quotation marks omitted).

## DISCUSSION

[¶ 9]   The statutory provision governing a change in custody provides in pertinent part that:

(c) A court having jurisdiction may modify an order concerning the care, custody and visitation of the children if there is a showing by either parent of a material change in circumstances since the entry of the order in question and that the modification would be in the best interests of the children pursuant to W.S. 20–2–201(a).

Wyo. Stat. Ann. § 20–2–204(c) (LexisNexis 2005). Father, as the party seeking modification of child custody, bore "the burden of demonstrating that: (1) a material and substantial change of circumstances affecting the child's welfare has occurred since the entry of the initial [custody determination], and (2) a modification is in the child's best interests." *Selvey*, ¶ 16, 102 P.3d at 214 (citing *Clark v. Alexander*, 953 P.2d 145, 150 (Wyo.1998); Wyo. Stat. Ann. § 20–2–204(c) (LexisNexis 2003)).

[¶ 10]   Mother challenges the district court's order modifying custody contending that it abused its discretion. She does not specifically contest the finding of a material change in circumstances. Instead, Mother focuses on the second step in custody determinations, and contends that awarding custody to Father is contrary to the child's best interests.

[¶ 11]   In support of her position, Mother asserts that the district court failed to consider evidence that she successfully completed a drug treatment program, has abstained from drugs and alcohol, and has successfully satisfied the objectives established in the case plan developed by the Department of Family Services. In addition, she claims that her bond with the child is much closer than Father's because she had custody for the first seven years of her daughter's life and Father had only sporadic parental involvement. Additionally, she notes that at the time of hearing, Father was in arrears in child support in the amount of $1,746.81, and that his criminal history is more significant than her own. She further contends that uprooting her daughter from her hometown of Douglas is contrary to the child's best interests because she has family and friends in Douglas, and because she was receiving therapy in school for behavioral issues and a learning disability.

[¶ 12]   We agree with Mother that favorable testimony was presented to the district court on her behalf. Our standard of review, however, does not permit us to look at the evidence in the light most favorable to Mother. Instead, "[o]ur review entails evaluating the sufficiency of the evidence to support the trial court's decision, and we afford to the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party." *Pace v. Pace*, 2001 WY 43, ¶ 10, 22 P.3d 861, 865 (Wyo.2001).

[¶ 13]   When viewed in this light, we find that sufficient evidence was presented to demonstrate a material change in circumstances and that an award of primary custody to Father was in the best interests of the child. *See, e.g., Rogers v. Rogers*, 973 P.2d 1118, 1123 (Wyo.1999). Testimony at the hearing established that Father and his wife could provide a more stable home for C.G. The evidence indicated that Father had been free of drugs and alcohol for two years and that his wife had never used illegal drugs. C.G.'s counselor testified that the child has stabilized while residing with her father. In addition, the counselor testified that C.G. has a bond with Father and she is able to adapt to changing circumstances. Further testimony indicated that the services C.G. was receiving in school in Douglas were also available to her in Gillette, that C.G. has made new friends in Gillette, and that she is adjusting very well to her new living arrangement.

[¶ 14]   The district court was presented with the difficult task of determining which custodial arrangement was in the best interests of C.G. It heard evidence favorable and unfavorable to both parents. After considering all of the evidence before it, the district court determined that Father is better able to provide an environment which can meet C.G.'s emotional, developmental, and educational needs. Sufficient evidence exists in the record to support this decision. As a

result, we cannot say that the court abused its discretion in this matter.

[¶ 15]   Affirmed.