2008 WY 38

**Peggy Jo KECK, Appellant (Defendant),**

v.

**Roger Lynn JORDAN, Appellee (Plaintiff).**

No. S–07–0201.

Supreme Court of Wyoming.

April 8, 2008.

Representing Appellant: Kathryn J. Edelman of Edelman Law Office, Gillette, Wyoming.

Representing Appellee: Rex O. Arney and Vincent P. Schutte of Brown, Drew & Massey, LLP, Sheridan, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1] Peggy Jo Keck (Mother) appeals from an order modifying child support claiming the district court abused its discretion in allowing a deviation from the presumptive child support guidelines and permitting Roger Lynn Jordan (Father) to redact portions of his tax return pertaining to his new wife. We reverse the part of the order allowing the deviation. We affirm the order permitting redaction.

## ISSUES

[¶ 2] Mother presents the following issues for this Court's determination:

I. Whether the District Court abused its discretion in deviating from presumptive child support without a request by either party to do so and in the absence of sufficient evidence supporting statutory factors for deviation.

II. Whether a district court abdicates its responsibility under Wyoming Statute Section 20–2–308 (LexisNexis 2007) when it permits a parent to redact portions of his joint federal income tax return in the context of a child support modification action.

## FACTS

[¶ 3] The parties married in 1984. They had two daughters, the first born July 11, 1985, and the second born January 4, 1987. The parties divorced in 1999. Pursuant to the divorce decree, Mother was awarded primary custody of the daughters and Father was required to pay monthly child support in the amount of $1,700 "during any child's minority (until age 18) and beyond if the child has a mental, emotional or physical impairment preventing emancipation."

[¶ 4] The older daughter turned 18 in July of 2003, but Father continued to pay child support in the amount of $1,700 until she turned 20. Then, in August of 2005, he reduced his payment to $850. The younger daughter is profoundly disabled and, although she reached the age of majority in 2005, she is incapable of emancipation. In April of 2006, Father filed a petition to modify child support in which he requested calculation of a new monthly child support amount for the disabled daughter and credit for $20,400, the amount he claimed that he paid after the older daughter turned 18.

[¶ 5] After a hearing, the district court found that Father's monthly net income was $15,318 and Mother's monthly net income was $3,108. The district court calculated Father's presumptive monthly support obligation at $1,577 and Mother's at $320. However, the court concluded the presumptive amount was not appropriate because: 1) Father contributed to the college expenses of the older daughter; 2) substantial government benefits would accrue on the younger daughter's behalf when she turned 21 on January 4, 2008; 3) Father was required to pay $1,700 monthly through April 30, 2006; and 4) Father did not receive credit for the "overpayment" of $20,400. Given these circumstances, the district court concluded that ordering Father to pay the presumptive amount would result in Mother receiving a windfall. The court concluded it was "appropriate to take the operative effect of this ruling as to back child support into account when attempting to fashion a fair and just result in determining child support." The district court held that a deviation from presumed child support was appropriate and ordered Father to pay $1,000 per month for the younger daughter's support effective May 1, 2006. The district court also ruled that Father could redact from his income tax returns matters attributable solely to his new wife's income prior to sharing the returns with Mother.

## STANDARD OF REVIEW

[¶ 6] We review a district court's order on a petition to modify child support for an abuse of discretion. *Gray v. Pavey*, 2007 WY 84, ¶ 8, 158 P.3d 667, 668 (Wyo. 2007).

> We will not interfere with the district court's decision regarding modification of custody absent a procedural error or a clear abuse of discretion. In determining whether the district court has abused its discretion, we must decide whether it could reasonably conclude as it did. Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

*Id.* (citations omitted). This same abuse of discretion standard applies when we are asked to review a district court's decision to deviate from the presumptive child support amount.

## DISCUSSION

### 1. Deviation From Presumptive Child Support Amount

[¶ 7] Mother contends that the district court abused its discretion in deviating from the presumptive child support amount when neither party requested and the evidence did not support deviation. She claims that no evidence was introduced to support the district court's finding that Father paid continuing support for the older daughter after January of 2005. She also claims there was no evidence that the younger daughter will qualify for or receive government disability benefits after she reaches the age of 21 or that any such benefits will be substantial and no evidence concerning the younger daughter's level of financial need.

[¶ 8]   Father contends the district court's findings fall within the factors set forth in Wyo. Stat. Ann. § 20–2–307(b) (LexisNexis 2007) that courts are to consider in deciding whether to deviate from the presumptive child support guidelines and that the deviation is supported by the general rule allowing for deviation when the presumptive amount "would be unjust or inappropriate" in the particular case.   He contends the district court's findings were supported by the financial information the parties provided in their affidavits and that evidence was sufficient without testimony from witnesses.

[¶ 9]   The Wyoming legislature has established a comprehensive method for determining child support.   Wyo. Stat. Ann. § 20–2–304 (LexisNexis 2007) establishes presumptive child support based upon the parents' income.   Section 20–2–307(a) provides that the presumptive child support established in § 20–2–304 "shall be rebuttably presumed to be the correct amount of child support to be awarded."   Section 20–2–307(b) provides in pertinent part:

A court may deviate from the presumptive child support established by W.S. 20–2–304 upon a specific finding that the application of the presumptive child support would be unjust or inappropriate in that particular case.   In any case where the court has deviated from the presumptive child support, the reasons therefore shall be specifically set forth fully in the order or decree.   In determining whether to deviate from the presumptive child support established by W.S. 20–2–304, the court shall consider the following factors[.]

The provision goes on to identify thirteen factors to be considered, including:

. . . .

(ii) The cost of necessary child day care;

(iii) Any special health care and educational needs of the child;

. . . .

(x) Any other necessary expenses for the benefit of the child;

. . . .

(xiii) Other factors deemed relevant by the court.

[¶ 10] In establishing support pursuant to the guidelines, the district court has discretion to deviate from the presumptive amount on a case by case basis.   *Plymale v. Donnelly,* 2007 WY 77, ¶ 37, 157 P.3d 933, 941 (Wyo. 2007).   However, deviation from the presumptive amount can only occur in accordance with the requirements of § 20–2–307(b).   *Id.* If a court finds that a deviation is proper, it must set forth detailed findings of fact and conclusions of law.   *Id.*

[¶ 11]   Although trial courts are to give serious consideration to the guidelines, they are not to follow them blindly.   *Steele v. Steele,* 2005 WY 33, ¶ 11, 108 P.3d 844, 848–49 (Wyo.2005), quoting *Holtz v. State ex rel. Houston,* 847 P.2d 972 (Wyo. 1993).   They are expected to exercise their discretion in determining child support amounts so as to serve the best interests of justice in light of all the circumstances.   *Id.* "[The] guidelines are just that—guidelines, and do not accommodate to all circumstances or cases."   *Id.* This Court is hesitant to impinge on the trial court's historic discretion.   *Id.* However, there is no question that the presumptive support table set out in § 20–2–304(a) has the effect of circumscribing the trial court's discretion in calculating child support awards.   *Steele,* ¶ 12, 108 P.3d at 849.

[¶ 12]   In *Shelhamer v. Shelhamer,* 2006 WY 83, ¶ 22, 138 P.3d 665, 675 (Wyo.2006), we applied these principles to hold that the district court did not abuse its discretion in deviating from presumptive support.   There, the district court concluded deviation was appropriate based upon the following factors: the age of the child, the value of services contributed by either parent, mother's forgiveness of child support arrearages owed by father, and its finding that application of the presumptive support guidelines would be unjust and inappropriate under the circumstances.   In *Ready v. Ready,* 2003 WY 121, ¶ 9, 76 P.3d 836, 838 (Wyo.2003), we upheld the district court's determination that an upward deviation was appropriate based upon: 1) the father's choice to reside in an economically depressed area where work in his profession was unavailable;   2) the special healthcare and educational needs of the par-

ties' second child; 3) the mother's contribution of tutoring services for their hearing-impaired son; 4) the father's failure to exercise his right to overnight visitation with his daughter; 5) the mother's cash assistance to the oldest son in college; and 6) the father's expectation of eventual profit from the house he was renovating. These cases illustrate the manner in which this Court has applied § 20–2–304(a).

[¶ 13] Although not a deviation case, *Starkey v. Starkey*, 2007 WY 106, 161 P.3d 515 (Wyo.2007) is also relevant to our discussion. In *Starkey*, father paid extra child support each month in order to pay off his child support in advance. Mother later sought to modify child support and, in connection with that proceeding, the district court considered whether father should receive a credit for his overpayments. The district court ruled he was not entitled to a credit and we affirmed. We reiterated an earlier holding that parties may not unilaterally or jointly modify or abrogate the terms of a child support order. *Starkey*, ¶ 9, 161 P.3d at 518, quoting *Kimble v. Ellis*, 2004 WY 161, ¶ 13, 101 P.3d 950, 954 (Wyo.2004). We said:

> We do not doubt that these overpayments made by Father were made with the best of intentions. However, it is Father's obligation to pay the specified amounts according to the decree, and orders modifying it thereafter. Allowing an increase at one time and a reduction at another would simply lead to incongruity and disorder in the child support system.

*Starkey*, ¶ 11, 161 P.3d at 518. In *Kimble*, ¶ 8, 101 P.3d at 953 (citations omitted), we also said:

> [C]hild support is for the benefit of the children, and that the custodial parent stands in the shoes of a trustee who administers the money for the exclusive benefit of the children based upon their needs and welfare. A child's right to adequate support cannot be bargained away by a contract between the parents regardless of the validity of the agreement between the parents themselves.

[¶ 14] With this precedent in mind, we turn to consideration of the record in the present case. We address first Mother's claim that there was no evidence to support the district court's finding that Father continued to support the older daughter after he stopped making monthly child support payments on her behalf in 2005. The district court found that Father contributed to payment of the older daughter's college related expenses after 2005. Father testified that Exhibit 3, introduced at the hearing, was a summary table of monies he contributed to his children's needs beyond the monthly child support payments. He testified that Mother requested that he contribute $2,000 per semester during the older daughter's first two years of college. Exhibit 3 reflects that he made four payments of $2,000 each for the older daughter's college expenses beginning in August of 2003 and ending in January of 2005.

[¶ 15] Given this evidence, Mother's assertion that there was no evidence to support the district court's finding that Father helped pay the older daughter's college related expenses is incorrect. However, Father's voluntary contributions to the older daughter's expenses cannot be used to reduce the amount of child support due the younger daughter. His child support obligation to the younger daughter is for her benefit and her right to adequate support cannot be bargained away based upon contributions he makes to the older daughter. *Kimble*, ¶ 8, 101 P.3d at 953. Regardless of the assistance Father provides to her sister, the younger daughter is entitled to adequate support unless evidence relating to her situation showed that a deviation was justified.

[¶ 16] We consider next Mother's claim that there was no evidence presented at the modification hearing to show that the younger daughter will qualify for or receive government disability benefits after she reaches the age of 21 or that any such benefits will be substantial. Father testified that he had no information concerning any state, federal or social security assistance for the younger daughter "other than what was provided in discovery" after the modification petition was filed. No discovery information is contained in the record. Mother testified

that, other than Title XIX benefits, for which the younger daughter qualified, she receives no benefits from any government source. Although Mother testified that upon turning 21 years of age in January of 2008, the younger daughter would become eligible for state assistance, no evidence was presented concerning the amount of assistance she would receive. No other evidence appears in the record on this issue. Yet, the district court found that "the government benefits which will accrue on [the younger daughter's] behalf as of her twenty-first birthday (January 4, 2008) will be substantial." Absent the presentation of some evidence showing that the younger daughter in fact would receive "substantial" benefits and the amount of such benefits, the district court could not reasonably conclude deviation from presumptive child support was appropriate on the basis of any such benefits.

[¶ 17] Mother also contends that no evidence was presented concerning the younger daughter's level of financial need and without such evidence the district court abused its discretion in deviating downward from the presumptive amount. We agree. While there was testimony concerning the younger daughter's level of disability and that Mother would need to find day care for her after she became ineligible for state special education at the age of 21, no evidence appears in the record filed with this Court concerning her financial needs. Absent such evidence, we hold the district court could not reasonably conclude that deviation from presumptive child support was appropriate.

[¶ 18] Given the lack of evidence, we hold that the district court abused its discretion in deviating from standard child support on the basis of the younger daughter's level of financial need and possible benefits she might receive in the future. We further hold that the evidence showing that Father contributed to the older daughter's college expenses cannot be utilized to deviate from the support owed for the second daughter.

### 2. Redaction From Income Tax Returns

[¶ 19] Mother argues that Wyoming law requires child support calculations to be based on reliable and accurate disclosures. She claims that in Father's 2006 tax return, he blacked out portions so that not even the district court had an accurate return. Mother asserts that Father should not be permitted to unilaterally edit his financial information.

[¶ 20] Father contends that the district court properly exercised its discretion to allow him to redact the portions of his tax returns relating solely to his wife's earnings. He asserts that his wife is not obligated to support the children from his prior marriage and so her income is irrelevant. He also argues that Mother can obtain accurate and complete information concerning his income from the financial affidavits required from the parties if child support modification is sought by either party.

[¶ 21] Wyo. Stat. Ann. § 20-2-308 (LexisNexis 2007) provides that full disclosure of the financial status of the parties is required before an order establishing or modifying child support may be entered. It further provides that the court may require, or the parties may agree to, the exchange of financial information annually for the purpose of determining whether child support modification is warranted. In the present case, the parties agreed to exchange tax returns annually as long as the child support obligation existed. In accordance with their agreement, the court incorporated the tax return exchange provision into the divorce decree.

[¶ 22] Despite the statutory and decree provisions requiring the exchange of tax returns, we are unable to conclude that the district court abused its discretion in allowing Father to redact portions relating to his wife's income. Particularly in light of the requirement that the parties fully and completely disclose their financial status by affidavit when modification is sought, this Court is hard pressed to find an abuse of discretion.

[¶ 23] The district court's determination that Father may redact portions of his tax return related solely to his wife's income is affirmed. The district court's deviation from the child support guidelines is reversed. The

case is remanded for further proceedings consistent with this opinion.