2010 WY 164

**Joseph Alan EGAN, Appellant (Defendant),**

v.

**Kori Kae EGAN, Appellee (Plaintiff).**

No. S–10–0065.

Supreme Court of Wyoming.

Dec. 15, 2010.

Representing Appellant: Alex H. Sitz III of Meinecke & Sitz, LLC, Cody, Wyoming.

Representing Appellee: Kori Kae Egan, pro se.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1] The district court allowed a significant deviation from Kori Kae Egan's (Mother) child support obligation. Joseph Alan Egan (Father) claims that the district court abused its discretion by considering improper factors in allowing the deviation and erred in calculating Mother's net income. We conclude that the district court did not abuse its discretion when it ordered a deviation from the presumptive child support amount and, although it erred by deducting certain expenses in calculating Mother's net income, the error was harmless.

[¶ 2] We affirm.

## ISSUES

[¶ 3] Father presents the following issues:

1. Whether the district court abused its discretion by using improper factors to deviate from the presumptive amount of child support?

2. Whether the district court erred in computing Appellee's net monthly income for purposes of calculating child support?

Mother did not file a timely brief on appeal.

## FACTS

[¶ 4] Mother and Father married in 1988 and had two children, a son born in 1991 and a daughter born in 1993. The parties divorced in 2002, and Mother was awarded primary physical custody of the children. They agreed that Father would pay $500 per month child support, which was an upward deviation from the presumptive amount provided in the child support guidelines. Both parties remarried and had two additional children with their new spouses. Mother and Father each have one child from their subsequent marriage with special needs.

[¶ 5] In February 2009, the parties stipulated to modification of the primary physical custody of their son after he began to reside with Father and agreed to eliminate all child support since each party had physical custody of one child. In August 2009, the parties' daughter also moved in with Father. The parties agreed to modification of custody of the daughter, but could not agree on child support.

[¶ 6] The district court held a hearing on the child support issue. In the resulting child support order, the district court calculated support using Mother's net income as indicated on her pay check stub and imputed income to Father because he worked on a ranch and received substantial non-cash compensation in addition to his monthly salary. Applying its income calculations to the child support guidelines, the district court determined that Mother's presumptive child sup-

port obligation would be $817[1] per month. However, the district court ruled that deviation from the presumptive amount was warranted and ordered Mother to pay $200 per month in child support. Father appealed.

## STANDARD OF REVIEW

[¶ 7] We review a district court's order modifying child support for abuse of discretion. *Keck v. Jordan*, 2008 WY 38, ¶ 6, 180 P.3d 889, 891 (Wyo.2008); *Gray v. Pavey*, 2007 WY 84, ¶ 8, 158 P.3d 667, 668 (Wyo.2007).

> In determining whether the district court has abused its discretion, we must decide whether it could reasonably conclude as it did. Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

*Gray*, ¶ 8, 158 P.3d at 668. "This same abuse of discretion standard applies when we are asked to review a district court's decision to deviate from the presumptive child support amount." *Keck*, ¶ 6, 180 P.3d at 891. When a decision requires interpretation of a statute, our review is *de novo*. *Dorr v. Smith, Keller & Assoc.*, 2010 WY 120, ¶ 11, 238 P.3d 549, 552 (Wyo.2010).

## DISCUSSION

### 1. Deviation from Presumptive Child Support Amount

[¶ 8] Father asserts the district court abused its discretion by considering improper factors to deviate from the presumptive child support amount. The district court calculated Mother's child support obligation as $817 per month, but ruled that it was appropriate to deviate downward from that amount and ordered her to pay $200 per month. The district court explained its ruling as follows:

> The Court believes it is appropriate to deviate from that amount, pursuant to Wy-

oming Statute § 20–2–307, for several reasons:

1. Both parents have the responsibility for the support of other children. Each parent has a child with special needs. [Father] has the benefit of his wife's background and her ability to utilize that experience and understanding to help provide care for their minor son. [Mother's] husband is unemployed and she suffers from her own debilitating condition.

2. It is clear [Mother] is attempting to advance her educational training and thus qualify for additional income. It is equally clear that the care of her minor child [from the subsequent marriage] will not allow employment above and beyond what she now maintains. It is also clear from Exhibit A that her current expenses exceed income, and that her proposal of $200 per month payment will require financial sacrifice on her behalf.

[¶ 9] Wyo. Stat. Ann. § 20–2–304 (LexisNexis 2009) sets forth the guidelines for calculating a presumptive child support amount, based on factors including the parents' net incomes, the custody order and the number of children for whom support is sought. *Opitz v. Opitz*, 2007 WY 207, ¶ 8, 173 P.3d 405, 408 (Wyo.2007). "The presumptive child support established by W.S. 20–2–304 shall be rebuttably presumed to be the correct amount of child support to be awarded in any proceeding to establish or modify temporary or permanent child support amounts." Wyo. Stat. Ann. § 20–2–307(a) (LexisNexis 2009). However, "[a] court may deviate from the presumptive child support . . . upon a specific finding that the application of the presumptive child support would be unjust or inappropriate in that particular case." Section 20–2–307(b).

> In determining whether to deviate from the presumptive child support established by W.S. 20–2–304, the court shall consider the following factors:
>
> (i) The age of the child;
>
> (ii) The cost of necessary child day care;

---

1. In order to simplify the calculations and discussion, we have rounded all figures to the nearest whole dollar.

(iii) Any special health care and educational needs of the child;

(iv) The responsibility of either parent for the support of other children, whether court ordered or otherwise;

(v) The value of services contributed by either parent;

. . . .

(vii) The cost of transportation of the child to and from visitation;

(viii) The ability of either or both parents to furnish health, dental and vision insurance through employment benefits;

(ix) The amount of time the child spends with each parent;

(x) Any other necessary expenses for the benefit of the child;

(xi) Whether either parent is voluntarily unemployed or underemployed. In such case the child support shall be computed based upon the potential earning capacity (imputed income) of the unemployed or underemployed parent. . . .

(xii) Whether or not either parent has violated any provision of the divorce decree, including visitation provisions, if deemed relevant by the court; and

(xiii) Other factors deemed relevant by the court.

*Id.*

[¶ 10] It is clear, therefore, that although the district court must give serious consideration to the child support guidelines, it should not follow them blindly. *Steele v. Steele,* 2005 WY 33, ¶ 11, 108 P.3d 844, 848–49 (Wyo.2005); *Holtz v. State ex rel. Houston,* 847 P.2d 972, 976 (Wyo.1993). We have repeatedly stated that "the district court has discretion to deviate from the presumptive amount on a case by case basis." *Keck,* ¶ 10, 180 P.3d at 892; *Plymale v. Donnelly,* 2007 WY 77, ¶ 37, 157 P.3d 933, 941 (Wyo.2007). The district court is expected to exercise its discretion in determining child support to serve the best interests of justice in light of all the circumstances. *Keck,* ¶ 11, 180 P.3d at 892.

[¶ 11] Father claims the district court abused its discretion by considering several factors that are not allowed by § 20–2–307,

including: the special needs of Mother's child from her subsequent marriage; the ability of Father's current wife to care for their child with special needs; the parties' current spouses' employment situations; Mother's health condition; Mother's efforts to further her education; and Mother's current financial situation.

[¶ 12] The first two challenged factors pertained to the special needs of Mother's and Father's children from their current marriages and the effect those circumstances have on the parties' families and support obligations. Father claims that, while the district court may consider the special health care needs of the children for whom support is sought under subsection (b)(iii), it should not consider the special needs of children from subsequent relationships. Father presented substantial evidence about the special needs of his own son; consequently, we find it perplexing that he was surprised the district court would consider that evidence and the evidence pertaining to the special needs of Mother's daughter from her subsequent marriage.

[¶ 13] In addition, subsection (b)(iv) directs the court to consider "the responsibility of either parent for the support of other children, whether court ordered or otherwise." *See also, Hasty v. Hasty,* 828 P.2d 94, 98 (Wyo.1992) (holding the district court "erroneously concluded that it had to apply the guidelines strictly and could not deviate from them by considering appellant's support obligations to his two later-born minor children"). In weighing the responsibilities of the parties for their other children, the district court understandably considered the special needs of the children and the impact those needs had on the families. The district court did not abuse its discretion by considering those factors.

[¶ 14] Several other factors challenged by Father pertain, either directly or indirectly, to Mother's ability to pay the presumptive child support obligation, i.e., her health situation which keeps her from driving and sometimes affects her ability to work, her attempts to further her education and therefore qualify for additional income, and Mother's summary of her household income

and expenses which showed a monthly deficit. Although not specifically listed as a factor in the statute, we have stated that the payor's ability to pay is properly considered in determining whether the presumptive child support is "unjust or inappropriate." Section 20–2–307(b). The enactment of the child support guidelines "has not obviated the court's need to consider those factors it previously considered when determining whether child support is warranted, i.e., the child's welfare, the paying parent's ability to pay, the recipient's spending habits, and all other surrounding circumstances." *Sharpe v. Sharpe,* 902 P.2d 210, 215 (Wyo.1995) (citation omitted). Moreover, the statutory factors are nonexclusive; the statute specifically allows the court to consider "[o]ther factors deemed relevant." Section 20–2–307(b)(xiii). Thus, the district court did not abuse its discretion by considering the factors pertaining to Mother's ability to pay child support.

[¶ 15]   Father also argues that the district court should not have considered an exhibit offered by Mother which summarized her monthly household income and expenses and showed a deficit. Although he objected to the exhibit at the hearing, he does not provide any cogent argument or authority on appeal indicating that admission of the exhibit was erroneous. *Pittard v. Great Lakes Aviation,* 2007 WY 64, ¶ 44, 156 P.3d 964, 977 (Wyo.2007). He simply asserts that the summary did not support the deviation because Mother did not itemize the expenses that account for the deficit, stating "[s]he could have been spending $5,000 per month at a local spa for all we know." The problem with Father's argument is, although he had the opportunity to question Mother about the exhibit at the hearing, he did not ask her to provide a specific breakdown of her monthly expenses. Mother testified that she and her current husband had tried to change their standard of living and lower their monthly expenses, but their expenses still exceeded their income every month. The district court heard the testimony and obviously believed that Mother's financial situation was due to factors other than extravagant spending.

[¶ 16]   Father argues that some of the factors considered by the district court were not relevant because he was not arguing that Mother was voluntarily underemployed under subsection (b)(xi). In particular, he takes issue with the district court's reference to Mother's health condition and her attempts to further her education and thereby increase her income. We understand Father's position and agree there is a certain logic to it. Obviously, the legislature determined what amount Mother should be able to pay, given her salary, when it set the presumptive child support amount and there is a good argument that Mother should have to pay that amount. However, the legislature also specifically gave the district courts discretion to deviate from the presumptive amount based upon any relevant factors. Mother claimed that she could not afford the presumptive support amount and, for various reasons including her health and the responsibilities associated with caring for her special needs child, she was not in a position to earn additional money at that time. The district court did not abuse its discretion by looking at Mother's total situation, including her health condition, her family's current finances and her practical ability to earn additional money.

[¶ 17]   Finally, Father contests the district court's consideration of the parties' subsequent spouses' incomes. Of course, the district court cannot include subsequent spouses' income in calculating the presumptive child support amount. *See, e.g., Houston v. Smith,* 882 P.2d 240, 242–43 (Wyo. 1994). However, because the district court may properly consider the payor's ability to pay in determining whether deviation is appropriate, a subsequent spouse's contribution to the household income and support of the children from the current marriage may be relevant.

[¶ 18]   The district court considered all of the surrounding circumstances in concluding that deviation was appropriate. The court's explanation of its decision reflects that it exercised "sound judgment with regard to what is right under the circumstances." *Gray,* ¶ 8, 158 P.3d at 668. It did not abuse its discretion by deviating from the presumptive support amount and ordering Mother to pay $200 per month in child support. Of

course, if the parties' circumstances change in the future, a modification to require Mother to pay additional support may be warranted.

### 2. Calculation of Net Income

[¶ 19] Father claims the district court erred by subtracting certain payroll deductions from Mother's income to calculate her net income. The three contested deductions are: family health insurance ($323); Aflac disability insurance premium ($77); and Flex plan contribution to pay for unreimbursed medical costs, similar to a Health Savings Account ($100).

[¶ 20] To determine whether the deductions were proper, we must interpret the definition of "net income" in Wyo. Stat. Ann. § 20–2–303(a)(iii) (LexisNexis 2009):

> "Net income" means income as defined in paragraph (ii) of this subsection less personal income taxes, social security deductions, cost of dependent health care coverage for all dependent children, actual payments being made under preexisting support orders for current support of other children, other court-ordered support obligations currently being paid and mandatory pension deductions.

[¶ 21] Statutory construction is a matter of law for the court. In interpreting statutes, our goal is to ascertain the legislature's intent. We consider first whether the statutory language is clear or ambiguous. "A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability." *SLB v. JEO (In re ANO)*, 2006 WY 74, ¶ 8, 136 P.3d 797, 800 (Wyo. 2006), quoting *SLJ v. Dep't of Family Servs.*, 2005 WY 3, ¶ 20, 104 P.3d 74, 80 (Wyo.2005). When a statute is clear and unambiguous, we give effect to the plain and ordinary meaning of the words. *Id.*

[¶ 22] Father argues that the district court should not have deducted Mother's health insurance costs because he was pro-

viding health insurance for their children. There was a significant amount of testimony about dependent health insurance at the hearing. Father and his current wife testified they had procured insurance for the children through the State of Montana Healthy Kids Insurance Plan, which was a state assisted plan that did not cost anything. Father testified that he believed the coverage was better than the insurance Mother provided. Mother testified that she had continued to cover the children through the insurance provided by her employer. She stated that it did not cost any more to insure all four of her children than if she just insured her two younger children.

[¶ 23] The statutory definition of net income allows a deduction for the costs of "dependent health care coverage for all dependent children." The statute does not differentiate between the children for whom support is sought and other dependent children and specifically allows the deduction for health care coverage for **all** dependent children. Under the clear language of the statute, Mother was entitled to the deduction regardless of whether Father was providing health insurance for their children or not. The district court correctly deducted that amount from her income.[2]

[¶ 24] In contrast, neither the Aflac disability premium nor the flex plan contribution is listed as an allowable deduction. "[T]he omission of words from a statute is considered to be an intentional act by the legislature and we will not read words into a statute when the legislature has chosen not to include them." *Wyo. Med. Ctr., Inc. v. Wyo. Ins. Guar. Ass'n*, 2010 WY 21, ¶ 38, 225 P.3d 1061, 1070 (Wyo.2010), citing *Kennedy Oil v. Dep't of Revenue*, 2008 WY 154, ¶ 14, 205 P.3d 999, 1004 (Wyo.2008). Given the legislature was very precise in stating the allowable deductions and did not include disability insurance premiums or flex plan contributions, it was error for the district court to deduct those amounts in calculating Mother's net income.

---

**2.** Although there was some testimony about Mother's costs to insure only the children as compared to her costs to insure her entire family

(including the adults), that aspect of the testimony is not explored on appeal by Father.

██ [¶ 25] Removing the improper $177 in deductions, results in a net income of $3,732 for Mother. Utilizing the income imputed to Father by the district court of $2,829, the parties' total net income was $6,561. Applying the guidelines for two children, the presumptive child support amount is $1,490. Dividing this total between the parents in proportion to the net income of each, we calculate Mother's child support obligation as $849. The district court calculated Mother's support obligation as $817,[3] resulting in a $32 difference between the proper amount and the district court's amount. This small difference is not prejudicial and does not require reversal of the order. As we have in other cases, we choose to ignore the small discrepancy. *See, e.g., Dowdy v. Dowdy,* 864 P.2d 439, 442 (Wyo. 1993); *Shelhamer v. Shelhamer,* 2006 WY 83, ¶ 22, 138 P.3d 665, 675 (Wyo.2006) (ignoring errors that were *de minimus* and harmless). Moreover, these errors did not affect the ultimate decision in this case. The district court concluded that deviation from the presumptive amount was warranted, and we have already stated that the district court did not abuse its discretion in allowing that deviation.

[¶ 26] Affirmed.

---

**3.** We are not sure how the district court arrived at this figure. When we calculate child support using the district court's net income figures, we conclude Mother's support obligation was $822. This minor discrepancy does not, however, change our analysis and we will ignore it.