# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 153

OCTOBER TERM, A.D. 2015

*December 4, 2015*

STACY R. DELLIT,

**Appellant**
**(Respondent),**

v.

S-15-0085

JOSHUA M. TRACY,

**Appellee**
**(Petitioner).**

*Appeal from the District Court of Sheridan County*
*The Honorable John G. Fenn, Judge*

*Representing Appellant:*
    Greg L. Goddard of Goddard and Vogel, P.C., Buffalo, Wyoming

*Representing Appellee:*
    Kevin K. Kessner of Yonkee & Toner, LLP, Sheridan, Wyoming

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]    Mother, Stacy Dellit, appeals a district court order modifying the child support obligations of Father, Joshua Tracy.  She contends that the district court abused its discretion by ordering Father to pay less than the statutory presumptive amount. We affirm.

## ISSUE

[¶2]    Did the district court abuse its discretion when it deviated downward from Father's presumptive child support obligation?

## FACTS

[¶3]    The parties, who never married, are the parents of two minor children born in 2006 and 2008.  Father and Mother remained together for a period of time after both children were born, but eventually separated in 2009.  As a result, Father filed a petition to establish custody and visitation.  The parties came to an agreement and filed a stipulated order establishing custody and visitation, which was entered by the district court later that year.  The stipulated order provided that they had joint legal custody and shared physical custody.

[¶4]    Father and Mother briefly reconciled in 2010, which resulted in the district court entering a stipulated order to suspend child support.  Unfortunately, their efforts at reconciliation were unsuccessful, and the relationship came to an end.  In 2012, the district court entered a stipulated order for modification of child support which required Father to pay child support of $182.00 per month, half of the children's day care costs and half of their school expenses.  The child support amount was based on the parties' agreement that they were exercising shared custody.  In 2013, the district court also entered an additional stipulated order regarding health insurance.  This order required Mother to be the insuring parent and for her to obtain employment-related insurance for the children.  It also required that any medical costs not covered by insurance be split equally between the parties.

[¶5]    In 2014, Mother decided to move from Wyoming to Georgia.  This led Father to file a petition to modify custody, support and visitation, in which he claimed that the move constituted a material change in circumstances warranting modification.  Mother responded, *inter alia*, that she actually had primary physical custody of the children, and that therefore there was no material change in circumstances.  She also requested that the district court order Father to pay child support in accordance with the presumptive child support guidelines which apply when one parent (her) has primary physical custody.

1

[¶6]     The matter proceeded to an evidentiary hearing on the petition to modify, at which point Mother notified the court that she no longer planned to move out of state.  Custody and visitation issues consequently became moot, requiring that the court decide only whether Mother was entitled to support under the guidelines applicable when one parent has primary physical custody.

[¶7]     The district court found that the existing custody arrangement was in fact not shared as the previous stipulated orders mistakenly indicated, and that Mother did indeed have primary custody based upon the number of nights that the parties had the children overnight per year.[1]  The evidence established Mother had the children overnight for 232 nights of the year, which is 64% of the time, and Father had the children overnight for 133 nights of the year, or 36% of the time.

[¶8]     Based upon the evidence concerning the parties' earnings and the fact that Mother had primary custody, the district court determined:

- As defined by Wyo. Stat. Ann. § 20-2-303, the net monthly incomes of the parties were:  Mother - $1,311.66; Father - $3,827.44.

- Pursuant to Wyo. Stat. Ann. § 20-2-304(a), the joint presumptive child support amount for the two children would be $1,405.76.

- As a result of the parties' current custody arrangement, Father's presumptive child support obligation to Mother would be $1,040.26 per month.

[¶9]     However, the court found that a downward deviation was warranted under Wyo. Stat. Ann. § 20-2-307(b), and it reduced Father's child support obligation from the

---

[1] In order to have shared custody and entitled to the correlating support calculation, the controlling statute states:

> (c) When each parent keeps the children overnight for more than forty percent (40%) of the year and both parents contribute substantially to the expenses of the children in addition to the payment of child support, a joint presumptive support obligation shall be determined by use of the tables. After the joint presumptive child support obligation is derived from column three of the tables, that amount shall be divided between the parents in proportion to the net income of each. The proportionate share of the total obligation of each parent shall then be multiplied by the percentage of time the children spend with the other parent to determine the theoretical support obligation owed to the other parent. The parent owing the greater amount of child support shall pay the difference between the two (2) amounts as the net child support obligation.

Wyo. Stat. Ann. § 20-2-304(c) (LexisNexis 2015).

presumptive amount to $600.00 per month, setting forth its reasons for doing so. Mother timely perfected this appeal.

## STANDARD OF REVIEW

[¶10] We review a district court's determination to deviate downward from the presumptive child support amount for an abuse of discretion. *Windham v. Windham*, 2015 WY 61, ¶ 12, 348 P.3d 836, 840 (Wyo. 2015); *Egan v. Egan*, 2010 WY 164, ¶ 7, 244 P.3d 1045, 1048 (Wyo. 2010).

## DISCUSSION

[¶11] Our legislature has created a comprehensive scheme to guide courts in determining child support. *See Windham*, ¶ 13, 348 P.3d at 840; *see also Opitz v. Opitz*, 2007 WY 207, ¶ 8, 173 P.3d 405, 408 (Wyo. 2007). Presumptive child support is established by the tables set forth in Wyo. Stat. Ann. § 20-2-304(a), and it is based upon the parents' net income.

[¶12] While the presumptive child support established by § 20-2-304 is rebuttably presumed to be correct, *see* § 20-2-307(a), a district court has discretion to deviate from the presumptive amount if the case before it justifies such a departure. *Windham*, ¶ 13, 348 P.3d at 840. The statute states in pertinent part:

> (b) A court may deviate from the presumptive child support established by W.S. 20-2-304 upon a specific finding that the application of the presumptive child support would be unjust or inappropriate in that particular case. In any case where the court has deviated from the presumptive child support, the reasons therefor shall be specifically set forth fully in the order or decree. In determining whether to deviate from the presumptive child support established by W.S. 20-2-304, the court shall consider the following factors:
>
> .   .   .
>
> (ii) The cost of necessary child day care;
>
> .   .   .
>
> (ix) The amount of time the child spends with each parent;
> (x) Any other necessary expenses for the benefit of the child[.]

Wyo. Stat. Ann. § 20-2-307(b) (LexisNexis 2015). This statute tells us that while the district court must give serious consideration to the child support guidelines, it can and

should deviate from them when it is just and appropriate to do so. *Egan*, ¶ 10, 244 P.3d at 1049. "We have repeatedly stated that the district court has discretion to deviate from the presumptive amount on a case by case basis." *Id.* (internal quotation marks omitted). District courts must exercise their discretion to set a fair amount of child support in light of all the circumstances. *Id.*

[¶13] In this case, the district court consulted the statutory factors and expressly set out the reasons supporting a deviation, as required by the statute. After considering the evidence, it determined that:

> The application of the presumptive child support would be unjust or inappropriate in this particular case due to the parties' near shared custody arrangement for the purposes of calculating child support, the number of days that the children spend with the Father, and the Father's contribution to the children's uncovered medical expenses, day care costs, and their daily activities.

[¶14] Mother contends the district court abused its discretion when it deviated downward from the presumptive child support amount. Her disagreement is based upon several theories, both factual and legal, concerning the factors applied by the district court pursuant to § 20-2-307(b). We will analyze the disputed factors in the order they appear in the statute.

### *Cost of necessary child day care - § 20-2-307(b)(ii)*

[¶15] The evidence presented at the modification hearing established that Father works on Mondays and Tuesdays when the children are with him for visitation, and that he pays for child care during that time. In 2013 he paid $1,889.00 per child, and $1,620.02 for both children in 2014, and he anticipates expending an amount similar to that of 2013 in 2015. Accordingly, the district considered this as a factor warranting deviation.

[¶16] Mother complains that the district court abused its discretion as to this factor because there was no evidence that Father pays for *necessary* day care, as § 20-2-307(b)(ii) requires. She contends that because she offered to watch the kids when Father was working, the day care costs he incurred were avoidable.

[¶17] While at first blush Mother's argument may seem convincing, the record confirms that the district court had a reasonable basis for concluding that these child care expenses were indeed necessary. The evidence presented at the modification hearing established that Father opted to leave the children in day care because Mother recently started a new job, and her work schedule is uncertain. As Father testified at the hearing, taking the children out of daycare would result in them losing their reserved spots, and if Mother's

4

work schedule changed, Father would have no readily available child care option. Under the circumstances, it was reasonable for the district court to consider day care expense in determining whether to deviate from the presumptive support.

### The amount of time the children spend with each parent - § 20-2-307(b)(ix)

[¶18] Consistent with its written order, *see* ¶ 13 *supra*, the district court explained during the modification hearing that:

> [A] deviation downward in this case is appropriate, given the near-shared custody arrangement, and particularly in light of the number of days spent with father, the sharing of a number of other costs, including day care expense, uncovered medical expenses, and some of the day-to-day expenses that the kids are incurring. Using a calculation of the shared support, using 36 percent with father and 64 percent with mother results in $541 owed by father to mother based on that calculation.
>
> While this doesn't technically meet the shared custody, it gives some guidance as to what might be appropriate in this near-shared custody arrangement. . . . Considering all of those factors the Court finds that the downward deviation to $600 a month is appropriate.

[¶19] Wyo. Stat. Ann. § 20-2-304(c) provides for a reduction in child support when each parent keeps the children overnight more than 40% of the year, and the district court found that Father did not spend the required percentage of time with the children. Mother claims that by considering the amount of time the children spent with each parent as required by § 20-2-307(b)(ix), the district court improperly circumvented the shared custody support provision of § 20-2-304(c). She feels that by applying the former, the court's decision rendered the statutory 40% cutoff meaningless.

[¶20] We find Mother's premise unconvincing. Wyo. Stat. Ann. § 20-2-307(b)(ix) is clear and unambiguous. We must therefore give effect to the plain and ordinary meaning of the words used in it, and we need not invoke our longstanding rules of statutory construction. *See Best v. Best*, 2015 WY 133, ¶ 8, 357 P.3d 1149, 1151-52 (Wyo. 2015). The district court did what the statute allows—it considered "the amount of time the child spends with each parent" when it determined whether to deviate from the presumptive child support. The legislature's intent in including this factor is apparent: a strict primary physical custody calculation may not be proper or fair in certain cases in which each parent has the children for a substantial amount of time. *See id.* ("In interpreting statutes, this Court must endeavor to find the reasonable intent of the drafters.").

5

[¶21] Wyo. Stat. Ann. § 20-2-307(b)(ix) makes clear that when a parent spends a considerable amount of time with the children, but does not qualify for a shared custody calculation, a district court has discretion to deviate downward. If we take Mother's argument to its logical extreme, a parent who has the children 38% of the time would always pay the same support as one who only has his or her children 5% of the time. This interpretation would produce an absurd result in some cases, and it would render language in the deviation statute meaningless. *See McTiernan v. Jellis*, 2013 WY 151, ¶ 20, 316 P.3d 1153, 1159-60 (Wyo. 2013) (explaining that statutes must be construed so that no portion is rendered meaningless and interpretation should not produce an absurd result). The language in the statute specifically authorizes the district court to deviate downward when a parent spends a considerable amount of time with his or her children, even though it is less than 40% of overnight stays in the year. The district court therefore did not abuse its discretion in applying § 20-2-307(b)(ix) to support a downward deviation downward from the presumptive child support.

### *Any other necessary expenses for the benefit of the child - § 20-2-307(b)(x)*

[¶22] Mother makes two points concerning the district court's consideration of uncovered medical expenses. First, she contends the evidence did not support a deviation due in part to Father's contributions to medical expenses. Second, she asserts that because the State of Wyoming covers the children pursuant to Title XIX, the district court was statutorily prohibited from deviating downward as it did.

[¶23] Until March 6, 2013, Father was obligated to provide health insurance through his employer if it was available to him. As already noted, and for reasons not explored in the record, the parties entered into a stipulation on that date requiring Mother to provide employment-related health insurance if she could obtain it through her employment, and if the cost of the insurance was no more than 5% of her gross monthly income. The parties were to split any uncovered medical expenses as they had before. Mother did not in fact provide health insurance, but instead applied for and received Title XIX Medicaid coverage for the children.[2]

[¶24] Regarding her first theory, Mother claims she has provided for the children's insurance through Title XIX since March 6, 2013, and that Father has not contributed in any way since then. We have reviewed the record and are not persuaded. While the children are covered by Title XIX, there are inevitable *uncovered* medical expenses for which Father is partly responsible. The 2013 order requires Father to pay 50% of uncovered medical expenses, and Father testified that he has paid them. The district court evidently chose to believe Father's testimony over Mother's. There was therefore

---

[2] Title XIX of the Social Security Laws deals with grants to states for medical assistance programs. It is a health insurance program funded by the federal and state government.

sufficient evidence to support the conclusion that Father pays his share of the children's uncovered medical expenses.

[¶25] Mother's second theory is that the district court was precluded by § 20-2-307(d) from deviating downward because she receives the Title XIX means-tested benefits. That statute states:

> (d) Agreements regarding child support may be submitted to the court. All such agreements shall be accompanied by a financial affidavit as required by W.S. 20-2-308. The court shall use the presumed child support amounts to review the adequacy of child support agreements negotiated by the parties. If the agreed amount departs from the presumed child support, the parties shall furnish statements of explanation which shall be included with the forms and shall be filed with the court. The court shall review the agreement and inform the parties whether or not additional or corrected information is needed, or that the agreement is approved or disapproved. No agreement which is less than the presumed child support amount shall be approved if means tested sources of income such as aid under the personal opportunities with employment responsibilities (POWER) program, health care benefits under Title XIX of the Social Security Act, supplemental nutrition assistance program, supplemental security income (SSI) or other similar benefits are being paid on behalf of any of the children.

Wyo. Stat. Ann. § 20-2-307(d).

[¶26] While this Court previously has been asked to decide this very issue, the circumstances of that case did not allow us to provide an answer. *See Bagley v. Bagley*, 2013 WY 126, ¶¶ 11-12, 311 P.3d 141, 144-45 (Wyo. 2013). We are able to do so now.

[¶27] Primary among our tenets of statutory interpretation is the requirement that this Court endeavor to determine the legislature's reasonable intent. *See Best*, ¶ 8, 357 P.3d at 1151; *see also Harmon v. Star Valley Med. Ctr.*, 2014 WY 90, ¶ 15, 331 P.3d 1174, 1178 (Wyo. 2014). We begin by examining the ordinary and obvious meaning of the words employed according to their arrangement and connection. *Harmon*, ¶ 15, 331 P.3d at 1178. If the statute is sufficiently clear and unambiguous, we must give effect to the plain and ordinary meaning of the words used in it, and need not invoke our longstanding rules of statutory construction. *Id.*

[¶28] We find § 20-2-307(d) clear and unambiguous, and therefore we will give effect to the plain and ordinary meaning of the words used in it. The statute provides that a court cannot approve an *agreement by the parties* that is less than the presumed child support amount if means tested sources of income such as health care benefits under Title XIX are being paid on behalf of any of the children. This means that a district court cannot simply sign off on a stipulated decree deviating from the guidelines when Title XIX benefits are being paid for the benefit of children.

[¶29] However, the statute does not state that a court is precluded from ordering a deviation downward from the presumed child support amount after making appropriate findings if a party has any of the means-tested sources of income referred to. The statute is plain and its effect is limited to precluding parties from agreeing to a deviation downward in such cases.[3]

[¶30] We are mindful that district courts cannot consider means tested sources of income when determining "income" as defined in § 20-2-303(a)(ii). Reading the statutes *in pari materia* as they relate to the same subject, we find that our interpretation of § 20-2-307(d) is in harmony with § 20-2-303(a)(ii) and the rest of the child support statutes. After calculating income, net income, and then applying those results to statutory tables to arrive at the presumptive child support amount, a district court may then use its discretion and consider whether a deviation is appropriate, even when means tested sources of income are being paid on behalf of any of the children. *C.f. Egan*, ¶ 17, 244 P.3d at 1050. As with any deviation, the court must make the findings required by § 20-2-307(b). The district court made those findings, and we have already determined that they are supported by the record.

[¶31] Finally, we turn to Mother's last complaint. She tersely argues that Father has not paid a substantial amount of the expenses related to the children's activities. As a result, she claims that the district court abused its discretion by relying upon this factor to support a downward deviation. We disagree. The record reveals that Father pays for all of the children's clothing when they are with him, and he equally splits the costs of the children's winter clothes, as well as the costs associated with their sports activities. The

---

[3] Even if the statute were ambiguous, our tools of statutory construction—namely, *expressio unius est exclusio alterius*—would show that our legislature intended district courts to have discretion to deviate downward from the presumptive support amount in situations such as this one. "The doctrine of *expressio unius est exclusio alterius* requires us to construe a statute that enumerates the subjects or things on which it is to operate, or the persons affected, or forbids certain things . . . as excluding from its effect all those not expressly mentioned." *Walters v. State ex rel. Wyo. Dep't of Transp.*, 2013 WY 59, ¶ 18, 300 P.3d 879, 884 (Wyo. 2013) (internal quotation marks omitted). To interpret this statute to say otherwise would require us to improperly add words to it. *See Accelerated Receivable Solutions v. Hauf*, 2015 WY 71, ¶ 16, 350 P.3d 731, 736 (Wyo. 2015) ("This Court will not add language or choose other words to change the meaning of a statute." (internal quotation marks omitted)).

8

district court was entitled to consider these expenditures for the benefit of the children to support a downward deviation under § 20-2-307(b)(x).

## CONCLUSION

[¶32] The district court gave full consideration to the parties' circumstances before concluding that a downward deviation was warranted. It made adequate findings supported by the record to justify its decision, and the record also reflects that it applied sound judgment to determine a child support amount that was just and appropriate in light of all of the circumstances. We therefore find that the district court did not abuse its discretion by deviating downward from the primary custody presumptive support amount.

[¶33] Affirmed.