# IN THE SUPREME COURT, STATE OF WYOMING

# 2020 WY 26

## OCTOBER TERM, A.D. 2019

### February 25, 2020

LAURA SHIPLEY,

Appellant
(Defendant),

v.

S-19-0205

FRANCIS SMITH,

Appellee
(Plaintiff).

*Appeal from the District Court of Park County*
*The Honorable Bill Simpson, Judge*

*Representing Appellant:*

  *Laura Shipley, pro se.*

*Representing Appellee:*

  *Alex H. Sitz, III, Meinecke & Sitz, LLC, Cody, Wyoming.*

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]    Laura Shipley (Mother) and Francis Smith (Father) are parents of a child, BS, who is the subject of the order establishing paternity, custody, visitation, and child support that Mother now appeals.  She contends that the district court abused its discretion in certain aspects of its child support apportionment.  Finding no abuse of discretion, we affirm.

### ISSUES

[¶2]    Mother raises five issues that we consolidate and rephrase:

> 1.    Did the district court abuse its discretion by failing to order retroactive child support?
>
> 2.    Did the district court abuse its discretion by using Father's current income in the support calculation when he had previously earned more in a different line of work?
>
> 3.    Did the district court abuse its discretion in its allocation of responsibility for medical insurance coverage for BS?

### FACTS

[¶3]    Mother and Father are the parents of BS, born in July 2015.  Father's involvement in BS's life was minimal until 2018, when Father petitioned the district court to establish paternity, custody, visitation, and child support.  The parties agreed that a relationship and visitation with Father was in BS's best interest.

[¶4]    Following a one-day bench trial, the district court ordered visitation and established child support.  The visitation order graduated over a period of six months, resulting in BS spending every other weekend with Father from 10:00 a.m. on Friday until 9:00 a.m. on Sunday, along with holiday visitation.  The district court also calculated Father's monthly support obligation at $316.89 per month.  Father has a second child living at home, and the district court recognized the availability of a downward deviation from the presumptive amount for that reason.  Rather than deviating from the presumptive amount, however, the district court declined to order retroactive child support.  The district court also determined that Mother would carry BS on her medical insurance but if she is unable to cover the child at a reasonable cost, Father would assume the responsibility.  Finally, the district court ordered that the parents share equally all out-of-pocket medical costs.  Taking issue with many aspects of the order, Mother timely appealed.

1

## STANDARD OF REVIEW

[¶5]   This Court will not overturn a district court's child support determination, including a downward deviation from the presumptive amount, "absent a procedural error or a clear abuse of discretion. In determining whether the district court has abused its discretion, we must decide whether it could reasonably conclude as it did." *Martin v. Hart*, 2018 WY 123, ¶ 28, 429 P.3d 56, 65 (Wyo. 2018) (quoting *Keck v. Jordan*, 2008 WY 38, ¶ 6, 180 P.3d 889, 891 (Wyo. 2008)); *see also Windham v. Windham*, 2015 WY 61, ¶ 12, 348 P.3d 836, 840 (Wyo. 2015); *Dellit v. Tracy*, 2015 WY 153, ¶ 9, 362 P.3d 353, 355 (Wyo. 2015).

## DISCUSSION

### I.     The district court did not abuse its discretion in failing to make the support obligation retroactive

[¶6]   We have addressed the retroactivity of support obligations, stating:

> [T]he duty of a natural father to support his child begins at [his child's] birth.
>
> . . .
>
> From our review of relevant statutory provisions, we conclude that a district court possesses the authority to issue support orders retroactive to the date of a child's birth in paternity/support actions. . . . The guiding principles in each instance are to promote the welfare of the child and to serve the ends of justice. We are persuaded that neither principle is generally served by failing to acknowledge a father's duty to support his child from the date of birth. Consequently, retroactive child support orders should be the rule, rather than the exception.

*In re Paternity of JWH*, 2011 WY 66, ¶ 28, 252 P.3d 942, 950 (Wyo. 2011) (citing *Ellison v. Walter*, 834 P.2d 680, 683-85 (Wyo. 1992)); *see also Thomas v. Thomas*, 983 P.2d 717, 721 (Wyo. 1999). Though we start with the presumption that retroactive support is the rule, we have upheld the decision to deny retroactive application of support obligations where the district court makes a specific and rational finding. *JWH*, 2011 WY 66, ¶ 30, 252 P.3d at 951. Here, the district court held:

> The court considers that a downward deviation is allowed in the court['s] discretion due to the other minor child in

2

Plaintiff Father's home; however, the court declines to deviate finding that Father has not previously paid support. . . . In the present action, the child is three (3) years old, and has been in the sole physical and legal custody of Defendant Mother for the entirety of his life. Plaintiff Father has not been court ordered to pay support until this decision. The court has the ability to order arrearages, but declines to do so finding a compromise in not deviating from the presumptive support obligation.

[¶7]   The Wyoming legislature created a comprehensive scheme for child support. Wyo. Stat. Ann. §§ 20-2-301 through 20-2-316. Part of that scheme allows the district court to "deviate from the presumptive child support . . . upon a specific finding that the application of the presumptive child support would be unjust or inappropriate in that particular case." Wyo. Stat. Ann. § 20-2-307(b) (LexisNexis 2019). One of the factors listed for courts to consider when determining whether to deviate from the presumptive amount is "[t]he responsibility of either parent for the support of other children, whether court ordered or otherwise." Wyo. Stat. Ann. § 20-2-307(b)(iv). Here, Father has a second child for whom he is responsible.

[¶8]   In crafting its decision on child support, the district court clearly identified the presumptive support obligation. The district court also recognized that it could order a downward deviation because Father supports another child, and that it could order retroactive support because Father had not paid anything towards BS's support since the child's birth. Finally, the district court concluded that it would compromise and order neither retroactive support, nor a downward deviation. The record demonstrates that the district court considered all the evidence and made a specific and rational finding regarding the retroactivity of child support. Under these circumstances, we cannot conclude that the district court abused its discretion in failing to order retroactive support.

## II.   *The district court did not abuse its discretion by declining to impute Father's income at the amount he earned in a previous position*

[¶9]   Mother argues the district court erred by not finding Father voluntarily underemployed and imputing his previous income, which was significantly higher. Father suggests that Mother did not raise this issue below and, thus, requests we not consider it. We disagree. A review of the record indicates that Mother attempted to raise this issue below, though inexpertly, and Father responded. We will therefore consider her argument.

[¶10]   The child support statutory scheme addresses imputed income in the case of an unemployed or underemployed parent. Wyo. Stat. Ann. § 20-2-307(b)(xi). If the district court finds that the parent is voluntarily underemployed or unemployed, the court's child

support determination is based on the imputed income. *Id.* In this case, Mother's attorney questioned Father about his prior employment and the amount he made at his prior job. On redirect, Father's attorney questioned him about his reasons for the career change and the attendant drop in salary. Father testified he changed careers to learn the family business so he could take it over when his mother retires, and so he could bring his daughter to work every day instead of sending her to day care. Father's attorney also questioned Father about the information included on his Confidential Financial Affidavit and clarified that it noted both the previous, higher-paying position and the current position and salary.

[¶11] Mother cites *Durham v. Durham* to support her argument that the court should have imputed Father's previous salary for its child support calculation. 2003 WY 95, 74 P.3d 1230 (Wyo. 2003). In *Durham*, the district court imputed the mother's income at $35,000 per year. *Id.* at ¶ 5, 74 P.3d at 1233. We reversed because the record did not support the district court's decision. *Id.* at ¶¶ 12-13, 74 P.3d at 1234. There, though the record reflected mother's employment history and education, it did not include any evidence regarding the availability of employment or the prevailing wages in Gillette. *Id.* We concluded that, while the record supported that mother had a business degree and had previously earned $35,000 per year in Virginia, there was nothing in the record to support the conclusion that she could earn the same amount in Gillette. *Id.*

[¶12] Here, in contrast, the record supports the district court's decision not to impute to Father his prior, higher income. The district court heard evidence from Mother and Father about his change in employment and the attendant decrease in salary. Father provided a Confidential Financial Affidavit that included both his previous employment and salary, and his current employment and salary. Further, Father explained his reasons for taking a lower paying job: learning the family business so he could take it over, spending time with his daughter, and watching his daughter rather than sending her to day care.

[¶13] The district court calculated Father's support obligation based on his current employment, without explaining its rationale. Where, as here, evidence supports the district court's decision, the "failure to explicitly comment on a statutory factor in the district court's opinion letter or order does not necessarily indicate that the court failed to consider that factor." *Paden v. Paden*, 2017 WY 118, ¶ 12, 403 P.3d 135, 140 (Wyo. 2017) (quoting *Hayzlett v. Hayzlett*, 2007 WY 147, ¶ 10, 167 P.3d 639, 642 (Wyo. 2007)). Nothing in the district court's order or our review of the record indicates that it was unreasonable for the district court to decline to find Father voluntarily underemployed. Accordingly, we conclude the district court did not abuse its discretion in establishing child support based on Father's current salary and not imputing to him his previous, higher salary.

***III.*** ***Allocation of responsibility for BS's medical insurance and medical costs does not appear in the record below***

[¶14] Mother raises several arguments regarding BS's medical insurance that are not ripe for review. Mother asserts that she changed jobs after the district court's decision letter and her new employment does not provide medical insurance. She asserts Father refused to cover BS on his insurance in violation of the district court's order. In response, Father argues that Mother did not raise this issue below and is thus prevented from raising it on appeal. We do not address issues raised for the first time on appeal unless they are "so fundamental they must be considered, or if they concern matters of jurisdiction." *Womack v. Swan*, 2018 WY 27, ¶ 11, 413 P.3d 127, 133 (Wyo. 2018). The district court did not have the opportunity to address this issue prior to this appeal, and it is not of such a fundamental nature that we must consider it for the first time on appeal. Thus, we decline to consider Mother's argument that Father should cover BS on his medical insurance.[1]

[¶15] Mother also argues that Father should be responsible for fifty percent of all uncovered medical costs from the date of the petition. As with the insurance coverage, Mother appears to raise this issue for the first time on appeal. Mother provided this Court with a partial transcript of the trial and there is nothing within that portion to indicate that uncovered medical bills were raised below. We therefore decline to address the issue.

[¶16] Father requests that this Court find no reasonable cause for Mother's appeal and award attorney's fees and damages pursuant to Wyoming Rule of Appellate Procedure 10.05(b). Such "sanctions are generally not available for challenges to discretionary rulings, unless 'an appeal lacks cogent argument, there is an absence of pertinent legal authority to support the issues, or there is a failure to adequately cite to the record.'" *Deede v. Deede*, 2018 WY 92, ¶ 10, 423 P.3d 940, 943 (Wyo. 2018) (quoting *Carbaugh v. Nichols*, 2014 WY 2, ¶ 23, 315 P.3d 1175, 1180 (Wyo. 2014)). Mother appears pro se in this appeal and is thus entitled to "some leniency from the stringent standards applied to formal pleadings drafted by attorneys." *Byrnes v. Harper*, 2019 WY 20, ¶ 3, 435 P.3d 364, 366 (Wyo. 2019) (quoting *Young v. State*, 2002 WY 68, ¶ 9, 46 P.3d 295, 297 (Wyo. 2002)). Mother's brief largely complied with our rules, presented cogent legal argument with references to pertinent case law, and cited to the record. We therefore decline to certify that there was no cause for appeal and do not award Father attorney's fees and damages under W.R.A.P. 10.05(b).

---

[1] Though not in the record before this Court, Father asserts, and Mother agrees, that the district court considered this issue and entered an order addressing insurance coverage on November 20, 2019. Thus, it is likely the issue is moot.

## *CONCLUSION*

[¶17]  The district court did not abuse its discretion in crafting its support order for BS. Further, Mother did not raise her arguments concerning medical insurance or unpaid medical bills below, and we decline to address them for the first time on appeal.  We affirm.