# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 41

**APRIL TERM, A.D. 2024**

**April 19, 2024**

SHARON ANN KOCH,

Appellant
(Plaintiff),

v.                                                                                  S-23-0246

MELISSA R. GRAY,

Appellee
(Defendant).

*Appeal from the District Court of Albany County*
*The Honorable Misha E. Westby, Judge*

*Representing Appellant:*
       Frank J. Jones, Attorney at Law, Wheatland, Wyoming.

*Representing Appellee:*
       Melissa R. Gray, pro se.

*Before FOX, C.J., and KAUTZ,\* BOOMGAARDEN, GRAY, and FENN, JJ.*

\* Justice Kautz retired from judicial office effective March 26, 2024, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2023), he was reassigned to act on this matter on March 27, 2024.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]   Rocky Mountain Timberlands, Inc. (RMT), the developer of the Buffalo Trail Ranch subdivision, members of the subdivision, including Sharon Ann Koch, and others, sued Melissa R. Gray claiming she violated the subdivision's restrictive covenants.  After a bench trial, the district court applied the contractual "first to breach" doctrine and dismissed all the claims against Ms. Gray.[1]  Ms. Koch contends that the district court erred as a matter of law when it applied the "first to breach" doctrine to her claim because she has no contractual relationship with Ms. Gray.  We agree, reverse, and remand.

## ISSUE

[¶2]   Did the district court err when it applied a contract doctrine, "first to breach," to Ms. Koch's breach of covenant claim?[2]

## FACTS

[¶3]   RMT developed the Buffalo Trail Ranch subdivision in Albany County and in 2008, filed a Declaration of Covenants (covenants) governing the subdivision.  Ms. Koch owns a tract in the subdivision.  Ms. Gray is purchasing a tract (the subject property) from RMT pursuant to a Contract for Deed.  The only parties to the Contract for Deed are RMT and Ms. Gray.  The terms of the Contract for Deed require Ms. Gray to follow the covenants and provide that a violation of the covenants was grounds for default of the contract.

[¶4]   The covenants prohibit property owners from placing garbage, junk, scrap materials, inoperative motor vehicles, and mobile homes on their property.  The covenants also provide that property owners may file suit to enforce the covenants and may seek recovery of fees and costs.

[¶5]   This matter began in April 2022, when RMT, Ms. Koch, and others (the Plaintiffs) filed suit against Ms. Gray and others (the Defendants).  After the district court dismissed a number of the Plaintiffs and Defendants, the remaining parties were Plaintiffs—RMT, Jason Gabriel Douglas, Zacky Dean Koch, and Sharon Ann Koch (the Appellant here)— and Defendant Melissa R. Gray (the Appellee here).

[¶6]   The Plaintiffs alleged that "[Ms. Gray has] placed garbage, junk, scrap materials, inoperative motor vehicles, trash, mobile homes and similar items" on the subject property and that in doing so she "violated the terms of the Declaration of Covenants" and is "in default under the terms of the Contract for Deed."  The Plaintiffs asserted five causes of

---

[1] Ms. Gray made several counterclaims which were also dismissed and are not on appeal.
[2] In her pro se brief, Ms. Gray raises other issues.  Ms. Gray did not appeal; those issues are not properly before the Court and we do not address them.

1

action. The Complaint sets forth separate causes of action but does not distinguish between claims made by RMT or the other plaintiffs.

[¶7]   The first cause of action sought a declaratory judgment pursuant to Wyo. Stat. Ann. § 1-37-102 "that the Defendants have breached the clear and unambiguous terms of the Contract for Deed and Declaration of Covenants." The remaining causes of action were for breach of the Contract for Deed, ejectment, nuisance, and attorney fees. Ms. Gray filed counterclaims including claims for malicious abuse of process, the "tort of intrusion," nuisance, "intentional infliction of mental anguish," the "tort of disability aggravation," and "disability harassment." She also asserted that she was not the first to breach the covenants because the covenants contemplated the formation of a road maintenance association which had never been formed.

[¶8]   After a bench trial, the district court made an oral ruling. The district court addressed the assertion that Ms. Gray's violation of the covenants breached her Contract for Deed, stating:

> The Court begins its analysis of this case with an examination of the First to Breach Rule[.]
>
> .   .   .
>
> Mr. Joiner [RMT] admitted that the [road maintenance] association was never formed in violation of the covenants and the contract for deed by reference.
>
> .   .   .
>
> So what's been brought before this Court is a declaration of covenants that the Plaintiff has admitted it is in breach of a portion of and then asks the Court to enforce another portion of the covenants on the Defendant.
>
> .   .   .
>
> [O]ne party's material breach may excuse the other party's performance under that agreement. The party asserting the affirmative defense bears the burden of proof to establish the first to breach affirmative defense.
>
> .   .   .

2

[I]n this case Ms. Gray and Mr. Joiner established that the [requirement to create the road maintenance] association was part of the contract; that Mr. Joiner breached that portion of the contract and that the formation of the association was material not only because of the significance of road maintenance in this area, subdivision, but also to reaching the parcel at issue[.]

.    .    .

As to the request for declaratory judgment, breach of contract, ejectment and attorney's fees, the Court finds in favor of the Defendant based on the first to breach rule.

The Court notes that the Plaintiff – that the Plaintiffs are trying to enforce a provision of the covenants at the same time that they are – that they are admitting that they are not complying with the terms of [RMT's] own document and therefore, the Court finds it appropriate to find in favor of the Defendants as to those claims which all stem from the contract.

The district court recognized that those Plaintiffs who owned property in the subdivision separately sought to enforce the covenants. It denied their claims reasoning, "It would be impossible for the Court to hold [Ms. Gray] to the covenants when those covenants were breached prior to [Ms. Gray's] breach of the covenants." The court went on to analyze the nuisance claim and concluded that "the Court finds it impossible to make a determination . . . that the Defendant's use of the property is unreasonable, unwarranted or unlawful as set forth in the case law. And so finds for the Defendant on the last claim of nuisance as well." The district court entered a judgment denying all parties' claims. Some of the plaintiffs filed a motion to alter or amend the judgment, which was denied.

[¶9]  The trial was unrecorded, and transcripts are unavailable. Ms. Koch procured a W.R.A.P. 3.03 statement of the evidence which refers to only one fact: "there was no evidence established at trial that there was an agreement or contract between Ms. Koch and Ms. Gray." Only Ms. Koch appeals, and her appeal is timely.

## STANDARD OF REVIEW

[¶10] After a bench trial, we review a district court's conclusions of law de novo. *Testolin v. Thirty-One Bar Ranch Co.*, 2024 WY 6, ¶ 15, 541 P.3d 455, 460 (Wyo. 2024); *Elec. Wholesale Supply Co. v. Fraser*, 2015 WY 105, ¶ 14, 356 P.3d 254, 258–59 (Wyo. 2015).

The factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are

presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail re-weighing disputed evidence. Findings of fact will not be set aside unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. In considering a trial court's factual findings, we assume that the evidence of the prevailing party below is true and give that party every reasonable inference that can fairly and reasonably be drawn from it. We do not substitute ourselves for the trial court as a finder of facts; instead, we defer to those findings unless they are unsupported by the record or erroneous as a matter of law.

*Testolin*, ¶ 15, 541 P.3d at 460 (quoting *Lyman v. Childs*, 2023 WY 16, ¶ 10, 524 P.3d 744, 751 (Wyo. 2023)). "The '[i]nterpretation of covenants imposing restrictions or conditions on the use of land is a matter of law for the courts.'" *Wimer v. Cook*, 2016 WY 29, ¶ 21, 369 P.3d 210, 218 (Wyo. 2016) (quoting *Omohundro v. Sullivan*, 2009 WY 38, ¶ 8, 202 P.3d 1077, 1081 (Wyo. 2009)). "Because it is a question of law, we review the covenants *de novo*, without giving any deference to the district court's determinations at the conclusion of the trial." *Wimer*, ¶ 21, 369 P.3d at 218 (citing *Stevens v. Elk Run Homeowners' Ass'n, Inc.*, 2004 WY 63, ¶ 12, 90 P.3d 1162, 1166 (Wyo. 2004)).[3]

## DISCUSSION

### Did the district court err when it applied a contract doctrine, "first to breach," to Ms. Koch's breach of covenant claim?

---

[3] Restrictive covenants are contractual in nature; this Court interprets them in accordance with the principles of contract law. *Wimer*, ¶ 22, 369 P.3d at 218; *Bedessem v. Cunningham*, 2012 WY 36, ¶ 16, 272 P.3d 310, 313 (Wyo. 2012). "If the plain terms of the covenants are sufficiently clear, we interpret them without reference to any attendant facts and circumstances or extrinsic evidence. We consider the document as a whole and interpret any clause or paragraph in harmony with the other provisions." *Bedessem*, ¶ 16, 272 P.3d at 313 (internal citations omitted). The Court's goal is:

> to determine and effectuate the intention of the parties, especially the grantor or declarant. To do so, we examine all of the covenants, and not just one clause or paragraph, and give the words their plain and ordinary meaning. If the language in the covenants is clear and unambiguous, we look only to the four corners of the document to determine the parties' intent. A disagreement between the parties as to the meaning of covenants does not give rise to an ambiguity.

*Wimer*, ¶ 22, 369 P.3d at 218 (internal citations and quotation marks omitted).

[¶11] Ms. Koch raises a single issue—whether her claim seeking a declaration that Ms. Gray had breached the covenants was properly rejected based on the first to breach doctrine.[4] We analyze Ms. Koch's issue in two parts. First, we consider whether Ms. Koch and Ms. Gray have a contractual relationship to which the first to breach defense could apply. Next, because no contractual relationship exists, we consider whether the first to breach defense applies to Ms. Koch's claim that Ms. Gray breached the covenants.

[¶12] The basic premise of a first to breach affirmative defense is that "a party cannot claim the benefit of a contract that it was the first to materially breach." *Maverick Benefit Advisors, LLC v. Bostrom*, 2016 WY 96, ¶¶ 14–15, 382 P.3d 753, 758 (Wyo. 2016) (citing *White v. Empire Exp., Inc.*, 395 S.W.3d 696, 715–16 (Tenn. Ct. App. 2012); *Kinstler v. RTB S. Greeley, Ltd. LLC*, 2007 WY 98, ¶ 7, 160 P.3d 1125, 1127 (Wyo. 2007)). "The party asserting the affirmative defense bears the burden of proof. To establish the first-to-breach affirmative defense, the party asserting the defense must show that the other party breached first and that the breach was material." *Maverick*, ¶ 15, 382 P.3d at 758.

[¶13] This framework assumes a contract between the party asserting the first to breach defense and the other party. According to the W.R.A.P. 3.03 statement of the facts, the district court found "there was no evidence established at trial that there was an agreement or contract between Ms. Koch and Ms. Gray."[5] Because there was no contract between Ms. Koch and Ms. Gray, Ms. Gray cannot establish the first to breach affirmative defense against Ms. Koch.

[¶14] The corollary question is whether RMT's failure to form a road maintenance association in breach of the covenants precludes Ms. Koch's claim that Ms. Gray breached the covenants. The district court concluded that RMT breached the covenants when it failed to form a road maintenance association, and this breach rendered the covenants inapplicable to Ms. Gray. *See supra* ¶ 8 ("It would be impossible for the Court to hold the Defendant to the covenants when those covenants were breached prior to her breach of the covenants."). The district court cited no authority, and we have found none, in support of its conclusion that the contractual first to breach doctrine is applicable to the enforcement of covenants by a third party.[6] The first to breach doctrine is not applicable to Ms. Koch's

---

[4] In her pro se brief, Ms. Gray contends that Ms. Koch improperly "changed the nature of the case from ejectment to covenant enforcement." It is clear the Complaint included a claim for a declaration that Ms. Gray breached the covenants.

[5] Ms. Gray argues that she does have a contract with Koch—an easement—which she contends Ms. Koch violated. There is no easement in the record and it appears Ms. Gray did not make this argument below. It is not possible for this Court to determine whether an easement exists, and, if it does, the parties to the easement or any of its terms. We decline to consider the alleged easement here.

[6] We did find a single case, not involving a third a party, *Kelly v. Timber Lakes*, where the first to breach doctrine was considered in the context of restrictive covenants. There, a property owner who failed to pay

5

claim seeking enforcement of covenants. The district court did not determine whether the covenants have been abandoned by failure to enforce them and we do not consider that question in this appeal. *See Hammons v. Table Mountain Ranches Owners Ass'n, Inc.*, 2003 WY 85, ¶ 14, 72 P.3d 1153, 1156 (Wyo. 2003); *Moore v. Wolititch*, 2015 WY 11, ¶ 12, 341 P.3d 421, 424 (Wyo. 2015).

## *CONCLUSION*

[¶15] The first to breach doctrine of contract law does not apply to Ms. Koch's claim that Ms. Gray breached the restrictive covenants. We reverse and remand for further proceedings consistent with this opinion.

---

assessments required under the covenants argued that his failure was excused because the property owners' association was the first to breach the contract when it failed to wait the required period of time before foreclosing on the property. *Kelly v. Timber Lakes Prop. Owners Ass'n*, 2022 UT App 23, ¶ 60, 507 P.3d 357, 376. The Utah Court of Appeals rejected the landowner's argument, concluding that it was the landowner's failure to pay assessments that occurred first and precipitated the foreclosure. *Id.* ¶ 62, 507 P.3d at 376. *Kelly* might be relevant to the district court's conclusion that RMT was the first to breach, but does not apply to the claims of other landowners in the subdivision.