# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 90

APRIL TERM, A.D. 2024

August 21, 2024

WADE JEFFERY REGAN,

Appellant
(Defendant),

v.

S-24-0074

TANYA JEAN REGAN,

Appellee
(Plaintiff).

*Appeal from the District Court of Weston County*
*The Honorable Stuart S. Healy III, Judge*

*Representing Appellant:*
Michael Stulken, Newcastle, Wyoming.

*Representing Appellee:*
No appearance.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BOOMGAARDEN, Justice.**

[¶1]    Wade Jeffery Regan (Husband) appeals the district court's order dividing the marital property between him and Tanya Jean Regan (Wife) after the court granted the parties a divorce.  We affirm.

## ISSUE

[¶2]    Husband raises two issues we rephrase as one:

> Whether the district court abused its discretion when it divided the marital property.

## FACTS

[¶3]    In 2014, Wife and her two children from another relationship moved in with Husband.  Wife had a child with Husband in 2018.  The parties married in 2019.  During the marriage, Husband ran a trucking business and Wife assisted him with bookkeeping. Wife also briefly worked at a mental health facility and later as a secretary at a hospital. The parties separated in March 2022.  Wife filed for divorce soon after.

[¶4]    In January 2023, the parties filed, and the district court entered, a stipulated decree of divorce, settling child custody, visitation, and child support.  The parties disputed the disposition of marital property.  The district court held a bench trial in April and ruled from the bench.  In November, the court entered its final order dividing the marital property. The court considered the equitable value in the parties' marital home, rental property, livestock, personal vehicles, personal property, and debts.  The court then divided the parties' separate debts and assigned them their personal vehicles and other personal property, assigned Husband the marital home, and assigned Wife her retirement funds and an equalization payment from Father.

[¶5]    Husband timely appealed and filed a W.R.A.P. 3.03 statement of the evidence with the district court because the bench trial was unrecorded.[1]  The court settled the statement of evidence for the record on appeal.

---

[1] W.R.A.P. 3.03 states, in part: "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means including appellant's recollection.  The statement shall be filed in the trial court . . . . The trial court shall, within 10 days, enter its order settling and approving the statement of evidence, which shall be included by the clerk of the trial court in the record on appeal."

## *DISCUSSION*

[¶6]    We review the district court's division of marital property for an abuse of discretion, focusing on whether the court could reasonably conclude as it did. *Hyatt v. Hyatt*, 2023 WY 129, ¶ 11, 540 P.3d 873, 880 (Wyo. 2023) (citations omitted). "We do not disturb a property division in a divorce except on clear grounds, because 'the trial court is usually in a better position than the appellate court to judge the parties' needs and the merits of their positions.'" *Bailey v. Bailey*, 2024 WY 65, ¶ 26, 550 P.3d 537, 547 (Wyo. 2024) (citation omitted). An abuse of discretion will be found if the property division shocks the conscience of this Court and appears "so unfair and inequitable that reasonable people cannot abide by it." *Bailey*, 2024 WY 65, ¶ 26, 550 P.3d at 547 (quoting *Hyatt*, 2023 WY 129, ¶ 11, 540 P.3d at 880).

[¶7]    In reviewing a district court's factual findings after a bench trial, we have stated:

> The factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail reweighing disputed evidence. Findings of fact will not be set aside unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. In considering a trial court's factual findings, we assume that the evidence of the prevailing party below is true and give that party every reasonable inference that can fairly and reasonably be drawn from it. We do not substitute ourselves for the trial court as a finder of facts; instead, we defer to those findings unless they are unsupported by the record or erroneous as a matter of law.

*Koch v. Gray*, 2024 WY 41, ¶ 10, 546 P.3d 1095, 1099 (Wyo. 2024) (citation omitted). Because the record contains no transcript of the relevant proceeding below, our review is limited to the statement of evidence supplied under W.R.A.P. 3.03.[2] *See id.* at ¶ 9; *Engebretsen v. Engebretsen*, 2022 WY 164, ¶ 19, 522 P.3d 156, 162 (Wyo. 2022) ("To the

---

[2] In cases where an appellant fails to obtain a statement of evidence under W.R.A.P. 3.03, this Court has had "no choice but to assume that the evidence supports the district court's findings." *McGill v. McGill*, 2022 WY 149, ¶ 16, 520 P.3d 1129, 1133 (Wyo. 2022) (quoting *Nw. Bldg. Co. v. Nw. Distrib. Co.*, 2012 WY 113, ¶ 17, 285 P.3d 239, 243 (Wyo. 2012)); *Kruse v. Kruse*, 2010 WY 144, ¶ 12, 242 P.3d 1011, 1014 (Wyo. 2010).

extent that we can assess the district court's exercise of discretion based on the limited record before us, we shall do so." (citation omitted)).

[¶8]    Wyo. Stat. Ann. § 20-2-114(a) (2023) states:

> [I]n granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children.

"There are no specific guidelines as to the weight the district court must afford the statutory considerations when making a property division." *Innes v. Innes*, 2021 WY 137, ¶ 15, 500 P.3d 259, 262 (Wyo. 2021) (citations omitted). The statute does not require an equal division of property. *Bailey*, 2024 WY 65, ¶ 26, 550 P.3d at 547 (citations omitted). Rather, a "just and equitable" division is likely to be unequal. *Id.* (citation omitted). We evaluate the equity of the district court's property division "from the perspective of the overall distribution rather than from a narrow focus on the effects of any particular disposition." *Id.* (quoting *Innes*, 2021 WY 137, ¶ 17, 500 P.3d at 262).

[¶9]    Husband challenges the district court's factual findings in its property division order. He first argues the court clearly erred when it failed to allocate any portion of a debt owed to the Internal Revenue Service (IRS) to Wife. The record shows no such error. At the outset of the bench trial, the parties presented a joint property summary to the court, indicating an IRS debt in the amount of $210,000. Husband testified the debt was a back tax penalty he incurred for failing to pay business taxes. He also testified the debt accumulated between 2011 and 2016 and can be attributed solely to him. In its written order, the court found it was unable to calculate the IRS debt because "there was not any credible evidence produced at trial."

[¶10] Husband contends this finding is inconsistent with Wife's testimony that she generally agreed with the values in the joint property summary, which included the IRS debt. The statement of the evidence, however, indicates the testimony regarding the IRS debt was "unclear." Beyond Father's testimony and the joint property summary, the record contains no further evidence pertaining to the IRS debt. In other words, the record does not contradict the district court's finding. Therefore, we conclude the court did not clearly error when it found no credible evidence of the IRS debt was produced at trial. *See Koch*, 2024 WY 41, ¶ 10, 546 P.3d at 1099 (citation omitted).

[¶11] Husband next argues the district court clearly erred when it considered a portion of his business to be marital property for purposes of calculating the parties' total assets and

that this value is unsupported by the record. The district court found the total value of Husband's trucking business is $182,310. It then found $35,000 of that value constituted marital property based on Wife's contribution to the business and her role in helping raise the children and maintaining the marital home. Contrary to Husband's assertions, the record supports these findings. Wife testified she performed bookkeeping work for Husband's business and was the primary caretaker of the marital home and the children because Husband was often at work. Husband also testified that he worked long hours and Wife performed work for the business. Under Wyo. Stat. Ann. § 20-2-114(a) all the parties' property may be subject to division upon divorce. *Hall v. Hall*, 2005 WY 166, ¶ 8, 125 P.3d 284, 287 (Wyo. 2005) (citations omitted). Therefore, the district court did not clearly error when it established a value for the marital portion of Husband's business in its calculation of the parties' total assets.

[¶12] Husband further argues the district court abused its discretion because it did not appropriately consider the factors under the property division statute when it ordered him to make a $138,000 equalization payment to Wife.[3] He contends the court did not consider his IRS debt and other financial obligations such as his mortgage and child support payments when it required him to make the equalization payment. Wyo. Stat. Ann. § 20-2-114(a) does not require the court to specifically address and make findings for each factor. It merely requires the court to have "regard" for each factor when making a property division. *Id.*; *see also Stoker v. Stoker*, 2005 WY 39, ¶ 22, 109 P.3d 59, 65 (Wyo. 2005) ("There are 'no hard and fast rules' governing property divisions." (citation omitted)). A review of the district court's order demonstrates it gave appropriate regard to the statutory factors.

[¶13] Indeed, the district court expressly stated it considered all the factors under the statute. After identifying, valuing, and setting over various asset categories to one party or the other, the court found (1) the total value of assets set over to Husband totaled $299,545 which included the marital home, rental property, livestock, bank account, and his business, and (2) his debts totaled $24,000. As discussed above, the court found no credible evidence pertaining to Husband's IRS debt. The court found Wife's equitable share of the total assets was $149,435; her share of debt was $14,960. It also found Husband's business income in 2021 was $112,00 and rose to $120,000 in 2022. Husband earned upwards of $4,000 a month in net income. Wife earned less at $17 an hour with a net income of $2,000 a month but had a future earning capacity of $25 an hour. The court then determined an equitable distribution of the marital estate required an equalization payment from Husband

---

[3] Husband also argues the district court abused its discretion because it failed to consider the seven-month delay between its oral ruling and the entry of the final order as it relates to his ability to pay the equalization payment, citing to *Castellow v. Pettengill*, 2021 WY 88, ¶ 9, 492 P.3d 894, 897–98 (Wyo. 2021) (analyzing whether a district court's delay in issuing a final custody decision constituted reversable error under U.R.D.C. 902). Yet, Husband states in his brief that "[t]here is nothing in the record which would indicate how this delay would effect [his] ability to pay" the equalization payment. Because Husband's argument admittedly lacks any support in the record, we need not consider it further.

4

to Wife in the amount of $138,000. It is clear the court had regard for the condition the parties would be left in after the divorce. *See* Wyo. Stat. Ann. § 20-2-114(a). It is also clear the court had regard for the party through whom the property was acquired and the burdens imposed on the property for the benefit of either party when it assigned Husband the marital home, which included the mortgage, and credited him $50,000 for the down payment he made when he purchased it. *See id.*

[¶14] Husband also asserts the district court failed to consider the merits of the parties—particularly, Wife's "fault" in taking $27,900 from their joint bank account prior to filing for divorce. *See Conzelman v. Conzelman*, 2019 WY 123, ¶ 20, 453 P.3d 773, 779 (Wyo. 2019) ("As our precedent plainly provides, a trial court may consider fault of the parties when dividing marital property[.]" (citations omitted)). Husband is mistaken, as the order makes clear the court considered Wife's post-separation cash withdrawal. After finding Wife had received $27,900 at separation, leaving Husband with $14,100 in the joint bank account, the court set over $20,000 to Husband. The court thus considered the merits of the parties. *See id.*

[¶15] Because the district court reasonably considered each of the statutory factors under Wyo. Stat. Ann. § 20-2-114(a), its property division is not so unfair and inequitable that reasonable people cannot abide by it. Moreover, the court's ruling does not shock our conscience. We affirm.