# IN THE SUPREME COURT, STATE OF WYOMING

# 2025 WY 42

APRIL TERM, A.D. 2025

April 9, 2025

LAURA MARIE LEWIS,

Appellant
(Plaintiff),

v.                                                                  S-24-0209

RYAN IKE LEWIS,

Appellee
(Defendant).

*Appeal from the District Court of Laramie County*
*The Honorable Robin S. Cooley, Judge*

***Representing Appellant:***
    Anna Reeves Olson and Jordan M. Haack, Long Reimer Winegar, LLP, Casper, Wyoming.

***Representing Appellee:***
    M.J. Hall, Lance & Hall LLP, Cheyenne, Wyoming.

***Before FOX, C.J., and BOOMGAARDEN, GRAY, and FENN, JJ., and PEASLEY, D.J.***

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    The district court granted Laura M. Lewis (Wife) and Ryan I. Lewis (Husband) a divorce, determined custody and support related to the minor children, and divided the marital property.  Wife appeals, challenging the district court's denial of her request for retroactive child support and its valuation of the marital home.  Finding no abuse of discretion, we affirm.

## ISSUES

[¶2]    Wife raises two issues, which we restate:

1.  Did the district court abuse its discretion when it denied Wife's request for retroactive child support?

2.  Did the district court abuse its discretion in valuing the marital home because it did not account for the home's mortgage?

## FACTS

[¶3]    Wife and Husband married on August 18, 2001.  They have three children: JL born in 2004, CL born in 2006, and AL born in 2009.  During the marriage, the parties lived in a home in Cheyenne, Wyoming (marital home).

[¶4]    For the first several years of the parties' marriage, Wife primarily stayed home with the children, and Husband worked at Puma Steel (Puma), his parents' commercial steel fabrication business.  Husband also owned a 20% interest in Lewis Leasing, Puma's holding company.  In 2010, Husband left Puma to manage Black Cat LLC, a steel erector company formed by his father.  He retained his interest in Lewis Leasing and continued to serve on Puma's Board of Directors.  The next year, Wife began working part-time at the Thomson Group, LLC, her father's consulting firm.  In 2014, Wife took over ownership of the Thomson Group and began working full-time.  Three years later, Husband became the sole owner of Black Cat and formed JCA, a holding company for Black Cat's cash and equipment.

[¶5]    In October 2020, the parties separated.  Husband moved to Fort Collins, Colorado, and Wife remained in the marital home with the children.  In September 2021, Wife filed a complaint for a divorce.  Husband counterclaimed for a divorce.  In May 2022, JL turned 18 years old and was no longer subject to the divorce proceedings.  In July 2022, CL began living with Husband in Fort Collins.  AL remained with Wife in Cheyenne.

1

[¶6]    Following several failed attempts to mediate the matter, the district court held a two-day bench trial in January 2024.  After a change of judge, the district court issued a Decision Letter and a Decree of Divorce.  It awarded the parties shared legal custody but split physical custody of CL and AL.  It did not impose a formal visitation schedule other than to direct that each parent receives at least one weekend visit per month with each child.  For purposes of child support, the district court calculated Wife's monthly income as $10,134 and Husband's monthly income as $10,830.  It ordered Husband to pay Wife $67.79 in monthly child support beginning February 1, 2024.

[¶7]    The district court divided the marital property.  It valued Black Cat at $1,226,000 and JCA at $400,000 and awarded both entities to Husband.  It apportioned Husband his interest in Lewis Leasing and his investment/retirement account.  The court valued the marital home at $605,000 and awarded it to Wife along with "all debts and encumbrances thereon."  It set over the Thomson Group to Wife along with her investment/retirement accounts.  To "achieve an equitable distribution of the marital assets," the court ordered Husband to pay Wife $400,000 within 90 days of the divorce decree. Wife timely appealed.

[¶8]    We provide additional facts, as necessary, in the discussion of the issues.

## DISCUSSION

### I.    Did the district court abuse its discretion when it denied Wife's request for retroactive child support?

[¶9]    In her pretrial memorandum, Wife requested that the district court order Husband to pay retroactive child support for the 19 months that all three children lived with her (October 20, 2020, the date of separation, to May 28, 2022, when JL turned 18) and for the one month that CL and AL lived with her (May 28, 2022, through June 30, 2022, the day before CL moved in with Husband).[1]  At trial, she testified that she calculated Husband owed her roughly $98,000 in retroactive child support for those 20 months.  The district court denied Wife's request, finding:

> [Wife] did not seek an order for temporary child support and the parties were able to jointly provide for the minor children as needed, with each having custody of one child for some time during this proceeding, and with both helping to provide for the needs of the minor children.

[¶10]  Wife argues the district court abused its discretion by denying her retroactive child support.  She maintains the district court's denial was based on two grounds: (1) she did

---

[1] In her brief, Wife maintains she sought retroactive child support for 21 months.  The record reflects Wife sought 20 months of retroactive child support.

2

not seek temporary child support; and (2) the parties had been able to jointly provide for the minor children, with each having custody of one child for some time during the proceeding, and with both helping provide for the needs of the minor children. Wife argues there is no Wyoming statute or case law supporting the proposition that a party's failure to seek temporary child support bars that party from later seeking retroactive child support. If such a bar existed, she contends a child would be improperly punished for a parent's decision not to seek temporary support. Wife also argues the district court did not consider the correct time frame forming the basis for her request for retroactive child support. Her request was for the time that all three or two of the three children lived with her without child support from Husband and not for the time when each party had custody of one child.

[¶11] We review a district court's child support decisions for an abuse of discretion. *Vassilopoulos v. Vassilopoulos*, 2024 WY 87, ¶ 14, 557 P.3d 725, 730 (Wyo. 2024) (citing *Martin v. Hart*, 2018 WY 123, ¶ 28, 429 P.3d 56, 65 (Wyo. 2018)). *See also Sears v. Sears*, 2021 WY 20, ¶¶ 25–27, 479 P.3d 767, 775–76 (Wyo. 2021) (reviewing for an abuse of discretion the district court's decision denying mother retroactive child support in a divorce action). "In determining whether an abuse of discretion occurred, our core inquiry is the reasonableness of the district court's decision." *Bagley v. Bagley*, 2013 WY 126, ¶ 6, 311 P.3d 141, 143 (Wyo. 2013) (quoting *Verheydt v. Verheydt*, 2013 WY 25, ¶ 19, 295 P.3d 1245, 1250 (Wyo. 2013)).[2]

[¶12] At the outset, we disagree with Wife's narrow reading of the district court's decision denying her request for retroactive child support. While the district court referred to Wife's failure to seek temporary child support and the period that each party had custody of a child, its decision in its entirety reads,

> [Wife] did not seek an order for temporary child support and
> **the parties were able to jointly provide for the minor**

---

[2] Relying on *Shipley v. Smith*, 2020 WY 26, ¶ 6, 458 P.3d 852, 854–55 (Wyo. 2020), Wife argues that retroactive child support is the rule, not the exception, and "[d]ecisions that deny retroactive child support obligations are upheld when the district court 'makes specific and rational findings' as to why retroactive [child] support should be denied." She claims the district court's finding that retroactive child support was not warranted because she did not request temporary child support is not a "rational finding." While *Shipley* noted that we have upheld decisions to deny retroactive child support where the district court made a specific and rational finding, it did not require specific and rational findings. *Id.* ¶ 6, 458 P.3d at 855. A "specific and rational finding" is simply an iteration of our abuse of discretion standard. *See In re Paternity of JWH*, 2011 WY 66, ¶¶ 30–31, 252 P.3d 942, 951 (Wyo. 2011) (quoting the district court's specific findings on retroactive child support and determining the court did not abuse its discretion when it denied retroactive child support). *See also Robertson v. State*, 2025 WY 18, ¶ 13, 563 P.3d 502, 508 (Wyo. 2025) ("A court abuses its discretion only when it could not reasonably decide as it did." (quoting *Wanberg v. State*, 2020 WY 75, ¶ 14, 466 P.3d 269, 273 (Wyo. 2020))); *Int. of SK*, 2024 WY 25, ¶ 22, 544 P.3d 606, 613 (Wyo. 2024) ("A court abuses its discretion if 'it acts in a manner which exceeds the bounds of reason under the circumstances.'" (quoting *Int. of SRS*, 2023 WY 50, ¶ 21, 529 P.3d 1074, 1080 (Wyo. 2023) (quoting *Int. of SMD*, 2022 WY 24, ¶ 27, 503 P.3d 644, 652 (Wyo. 2022)))).

**children as needed**, with each having custody of one child for some time during this proceeding, and **with both helping to provide for the needs of the minor children**.

(Emphasis added.) We do not read the district court's decision as denying retroactive child support because Wife failed to seek temporary support or because each party had custody of one child. In context, the court's reference to these items served to reinforce the district court's decision that retroactive child support was not warranted because the parties jointly provided for the children's needs. That decision was reasonable and supported by the evidence.

[¶13] It is undisputed that each party had custody of one child starting in July 2022. Wife did not request retroactive child support for this period. Turning to the 20 months when all three or two of the three children lived with Wife in the marital home, the evidence showed both parties jointly provided for the children's needs. Wife paid for the groceries, the children's doctor visits (to the extent they were not covered by insurance), and their Advanced Placement (AP) class fees; and Husband paid for the children's (and Wife's) health insurance and cell phone bills. Husband also paid the mortgage and utilities on the marital home for 12 months while Wife paid these items for 8 months.[3]

[¶14] Wife does not argue that the children had other needs or expenses which were not met by the parties. Rather, she contends Puma, not Husband, paid for the children's health insurance and Husband carried their cell phones on his Black Cat phone account. These are distinctions without a difference. Husband provided health insurance for the children (and Wife) through his family's business; and because Husband was self-employed through Black Cat, he paid for the children's cell phone bills though they were paid from Black Cat's account. Wife also maintains Husband did not pay for the mortgage and utilities on the marital home because the payments came from a joint account. Wife admitted at trial, however, that only Husband contributed monies to the account.

[¶15] Based on the record before us, we conclude the district court did not abuse its discretion when it denied Wife's request for retroactive child support.

## II. Did the district court abuse its discretion in valuing the marital home because it did not account for the home's mortgage?

[¶16] Wife argues the district court abused its discretion by valuing the marital home at $605,000 because it failed to account for the $219,000 mortgage. She claims that the consequence of such valuation was that Husband received a $219,000 benefit when the

---

[3] In her brief, Wife states that Husband paid the mortgage and utilities for 11 months because he made his last mortgage payment in September 2021. However, Wife testified at trial that Husband's last mortgage payment was made in October 2021.

court calculated the equalization payment Husband owed to Wife. Wife argues the matter must be remanded with instructions for the district court to subtract the mortgage from the marital home's value and to recalculate the equalization payment.[4]

[¶17] "We review the district court's division of marital property for an abuse of discretion, focusing on whether the court could reasonably conclude as it did." *Regan v. Regan*, 2024 WY 90, ¶ 6, 554 P.3d 383, 385 (Wyo. 2024) (citing *Hyatt v. Hyatt*, 2023 WY 129, ¶ 11, 540 P.3d 873, 880 (Wyo. 2023)). "We will not disturb a property division in a divorce case, except on clear grounds, as the trial court is usually in a better position than the appellate court to judge the parties' needs and the merits of their positions." *Metz v. Metz*, 2003 WY 3, ¶ 6, 61 P.3d 383, 385 (Wyo. 2003) (citing *Paul v. Paul*, 616 P.2d 707, 712 (Wyo. 1980), and *Warren v. Warren*, 361 P.2d 525, 526 (Wyo. 1961)). *See also Madigan v. Maas*, 2005 WY 91, ¶ 8, 117 P.3d 1194, 1196–97 (Wyo. 2005) ("[P]roperty divisions are complex and therefore require the trial court, in its discretion, to assess what is right under the circumstances while considering the respective merits and needs of the parties." (quoting *Root v. Root*, 2003 WY 36, ¶ 8, 65 P.3d 41, 44 (Wyo. 2003))).

[¶18] Wife's argument that the district court did not account for the mortgage on the marital home when dividing the marital property is belied by the record. Following the bench trial, the district court issued a Decision Letter in which the district court addressed "the disputed issues including . . . the marital home[.]" It found the parties agreed the home should be awarded to Wife but disagreed over the valuation date and the costs of needed repairs. The court concluded: "Given the date of separation and the date of trial, the August 2022 appraisal value of $605,000 is appropriate, [as the] appraisal recognized the overall condition of the home even if it did not highlight all issues of concern regarding the property." Wife did not disagree with that value in the district court and does not do so on appeal. In the Decree of Divorce, while the district court did not expressly acknowledge the mortgage on the marital home, it awarded Wife the marital home "together with all debts and encumbrances thereon." Wife testified there was an outstanding mortgage on the home at the time of the bench trial. In their pretrial memoranda, the parties outlined their proposed distribution of the marital assets. Both parties recognized the outstanding mortgage in their proposals. By setting over the marital home and "all debts and encumbrances thereon" to Wife, the district court accounted for the mortgage on the home, awarding Wife the equity and not the value of the marital home. We conclude that the award of the equity versus the value of the marital home was not the result of a mistake but was an exercise of the district court's discretion in dividing the marital property.

---

[4] Wife does not otherwise challenge the district court's division of the marital property. We limit our analysis to her argument—the valuation of the marital home.

## *CONCLUSION*

[¶19]  The district court did not abuse its discretion when it denied Wife's request for retroactive child support or when it valued the marital home.

[¶20]  Affirmed.